THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NORVELL HAYNES, Defendant-Appellant.

(No. 73-394; ▮▮▮▮▮▮▮▮

Fifth District—June 24, 1974.

*Rehearing denied July 22, 1974.*

Hendricks & Watt, of Murphysboro and McBride, Baker, Wienke & Schlosser, of Chicago (David W. Watt, Jr. and Morgan Ordman, of counsel), for appellant.

2

Lawrence C. Rippe, Assistant State's Attorney, of Murphysboro, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

In March of 1973, defendant pleaded guilty to the crimes of criminal damage to property and assault. He was placed on probation by the Circuit Court of Jackson County. In July a petition to revoke probation was filed. Just before the hearing on this petition to revoke another petition to revoke probation was filed alleging that defendant had failed to pay his fine and court costs and to make restitution as ordered by the court. Both petitions were heard in September and defendant was found to have violated his probation and it was revoked. At a sentencing hearing in October, defendant was resentenced to a year of periodic imprisonment, with credit for 6 months' probation already served.

On this appeal defendant claims (1) that the denial of his motion for substitution of judges was reversible error; (2) that he was denied due process of law by the failure of the State to prove the identity of the accused; and (3) that the court abused its discretion in finding he had violated his probation and in sentencing him to a term of periodic imprisonment.

■■ Defendant's motion for substitution of judges was filed under a claim of right. (Ill. Rev. Stat., ch. 38, sec. 114—5(a).) The trial court properly denied the motion as filed too late. These proceedings constituted, for this purpose, a continuation of the original charge to which defendant plead guilty in March 1973. Defendant at this stage of the proceedings may only obtain a substitution of judges on a showing of actual prejudice.

■■ As to the question of identity, the defendant as Norvell Haynes filed the motion for substitution of judges and raised no question as to his identity in the trial court. He would thus be estopped to raise the question here. Also there is testimony in the record identifying him by name and place of employment. In addition he appeared before the same judge who had placed him on probation. We find no merit to this contention.

■■ As to the final contention, there was clear proof that defendant violated his probation by committing another assault upon the same co-worker he had originally assaulted. Under the circumstances of this case, there was no basis for merely continuing the defendant on probation. Periodic imprisonment was thus the mildest penalty available to the trial court. It could have been imposed for a shorter term. However, we find from the record that the offenses justify this amount of punishment. Also

the trial court could reasonably find from the record that this term was necessary for purposes of rehabilitation.

Finding no error, the judgment of the Circuit Court of Jackson County is affirmed.

Judgment affirmed.

EBERSPACHER and CARTER, JJ., concur.