THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NORVELL HAYNES, Defendant-Appellant.—THE PEOPLE *ex rel.* PEYTON H. KUNCE, Plaintiff-Appellee, *v.* DON R. WHITE, Sheriff of Jackson County, *et al.*, Respondents-Appellants.

Fifth District   No. 75-276

Opinion filed August 24, 1976.

Frank J. Giampoli, of State Appellate Defender's Office, of Carbondale, for appellant Norvell Haynes.

Howard L. Hood, State's Attorney, of Murphysboro, for appellant Don White.

William J. Scott, Attorney General, of Springfield, (James B. Zagel, Roger L. Longtin, and Charles H. Levad, Assistant Attorneys General, of counsel), for appellee.

Mr. PRESIDING JUSTICE KARNS delivered the opinion of the court:

Defendant-appellant Norvell Haynes appeals from an order of the Circuit Court of Jackson County ordering him to serve the final 20 days of a sentence of periodic imprisonment. In March 1973, defendant pleaded guilty to criminal damage to property and assault and was sentenced to probation for 1 year. Probation was subsequently revoked and defendant was sentenced to 1 year of periodic imprisonment with credit for 6 months successfully served on probation. On appeal, we affirmed the revocation. (*People v. Haynes*, 21 Ill. App. 3d 1, 313 N.E.2d 601 (5th Dist. 1974).) Defendant began serving his sentence on December 26, 1974.

On June 7, 1975, the sheriff of Jackson County released defendant from custody, having granted him 20 days good time allowance from the periodic imprisonment pursuant to the Misdemeanant Good Behavior Allowance Act. Ill. Rev. Stat. 1975, ch. 75, par. 30 *et seq.*

On June 12, 1975, the court, *sua sponte,* ordered that a hearing be held to determine if defendant's periodic imprisonment should be "terminated, continued, extended or otherwise modified" and further ordered the sheriff to show cause why he should not be held in contempt of court for releasing defendant from custody.

Prior to the hearing defendant filed a motion for substitution of judges pursuant to section 114—5(a), (c) of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 114—5(a), (c)), a motion to dismiss for failure to state a cause of action against defendant, and a motion to vacate the prior order on the grounds that the court lacked jurisdiction to enter the order.

Prior to the hearing, a pretrial conference was held. Although the court attempted to notify defendant of the hearing, the notice was never received and neither defendant nor counsel was present at the conference. The court later explained at the hearing that nothing in the pretrial conference pertained to defendant.

At the hearing, pursuant to an agreement between the State's Attorney,

representing the sheriff, and the Attorney General's office, appointed by the court to represent the State, the sheriff apologized to the court and agreed to comply with all future orders of the court. The court then ordered that the sheriff had purged himself of the contempt and further proceedings against the sheriff were dismissed.

The court denied defendant's motion to dismiss and the motion for substitution of judges and ordered him to serve the 20 days of periodic imprisonment remaining on the full sentence imposed. After defendant filed notice of appeal, we granted defendant's motion for bond. Upon affirmance of the court's order, defendant would have 6 days to serve.

Defendant contends on appeal that the Misdemeanant Good Behavior Allowance Act applies to his sentence, that he was denied due process of law by the *ex parte* pretrial conference and that he was denied due process of law by the court's denial of his motion for substitution of judges. We need reach only the first of these issues.

Defendant was released by the sheriff after serving 20 days less than the original 6 months' periodic imprisonment on the theory that he was entitled to credit under the Misdemeanant Good Behavior Allowance Act. (Ill. Rev. Stat. 1975, ch. 75, par. 30 *et seq.*) That Act allows a credit of 4 days for each of the first 6 months of a "fixed term of imprisonment" for a misdemeanor. Other formulae, not relevant here, exist for sentences greater than 6 months. (Ill. Rev. Stat. 1975, ch. 75, par. 32.) Section 2 (par. 31) defines "month," in part, as "that period of time commencing on and including the date of sentence and continuing up to but not including the same date in the next succeeding calendar month regardless of the number of days in the intervening period." At the time of passage of this statute in 1957 no provision for periodic imprisonment existed.

Periodic imprisonment was added in January, 1973, as an alternative to probation and imprisonment. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—7—1 *et seq.*) The court retains jurisdiction over the defendant during the term of imprisonment and has discretion to set the times and conditions of the periods of imprisonment. Ill. Rev. Stat. 1975, ch. 38, pars. 1005—7—1, 1005—7—7.

We believe that the legislature, upon enactment of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1001—1—1 *et seq.*), attempted to provide uniformity, but at the same time flexibility, to the courts in the imposition of sentences. A sentence of periodic imprisonment allows the offender to continue a useful life, support his family and stay within his community while undergoing punishment and correctional treatment for his offense. It is by nature a milder form of punishment.

■■ From the definition of "month" contained in the Misdemeanant Good Behavior Allowance Act (Ill. Rev. Stat. 1975, ch. 75, par. 31), and

from logic and reason, we believe the Act is intended to apply only to those prisoners confined during the entire duration of the sentence and cannot be construed to apply to periodic imprisonment. This belief is strengthened by section 5—8—3(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—3(b)), which specifically provides that the Misdemeanant Good Behavior Allowance Act applies to sentences of imprisonment for misdemeanor violations. The failure of the legislature to include a comparable provision for periodic imprisonment, contained in a separate part of the Code, indicates to us that the legislature did not intend that the Act apply to periodic imprisonment.

■■ The State has suggested a hypothetical situation which emphasizes the logical absurdity of applying the Act to periodic imprisonment. If a defendant were sentenced to one day imprisonment each week for a year and the Act were applicable, he would be entitled, under section 3 of the Misdemeanant Good Behavior Allowance Act (Ill. Rev. Stat. 1975, ch. 75, par. 32) to 4 days' credit for each of the first 6 months and 6 days' credit for each of the remaining 6 months. Thus, he would be entitled to a total of 60 days' credit although his sentence would total only 52 days. Equally absurd, we believe, is the more normal situation where a defendant is sentenced to serve weekends in jail. Four days' credit each month would reduce the sentence by one-half, assuming four 2-day weekends in each month. Such, we believe, was not the intent of the legislature.

■■ We hold that defendant is not entitled to treatment under the Misdemeanant Good Behavior Allowance Act. Since no discretion exists in anyone but the sentencing court to modify the term of periodic imprisonment and since no argument has been presented that defendant deserves reduction of the sentence for other than the application of the Misdemeanant Good Behavior Allowance Act, nothing in the proceedings below could have affected the commitment for the remaining 20 days. The issues regarding the *ex parte* hearing, at which nothing pertaining to the defendant transpired, and the denial of defendant's motion for substitution of judges are, therefore, totally without merit and warrant no further discussion.

The judgment of the Circuit Court of Jackson County is affirmed.

Affirmed.

JONES and G. J. MORAN, JJ., concur.