**STATE of Missouri ex rel. Daniel O'BRIEN, Relator,**

v.

**Honorable Stanley J. MURPHY, Judge, 24th Judicial Circuit, State of Missouri, Respondent.**

No. 42077.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 27, 1979.

Lee, O'Hanlon & Brady, Robert J. O'Hanlon, St. Louis, for relator.

John W. Reid, II, Pros. Atty., Fredericktown, for respondent.

John Ashcroft, Atty. Gen., and Steven W. Garrett, Asst. Atty. Gen., Jefferson City, for amicus curiae.

GUNN, Judge.

Relator's action in prohibition seeks to bar respondent circuit court judge from presiding at a probation revocation hearing following his denial of relator's motion for disqualification.

The proceedings had their origin when respondent accepted relator's pleas of guilty to charges of burglary and stealing on September 1, 1977. Imposition of sentence was suspended and relator was placed on probation for five years. A probation revocation hearing was held in January, 1979 after which respondent found that relator had violated the terms of his probation in that he had since pleaded guilty to a series of

subsequent offenses. As a result, respondent sentenced relator to concurrent five year terms in the Correctional Department on the original burglary and stealing charges. Relator was, however, subsequently discharged from custody pursuant to a habeas corpus proceeding based on improper notice of the revocation matter. Respondent then set a second revocation hearing for September 6, 1979 and ordered a new report on relator from the Board of Probation and Parole. On application of relator, the hearing was continued to September 20, and relator filed the disqualification motion under consideration on September 14. The motion contained both a *pro forma* recital of the "bias and prejudice" of the judge and an allegation that the prior attempt at revocation established that the respondent had, in fact, prejudged the issues. The motion was denied and the cause continued to give relator an opportunity to apply for a writ of prohibition. Relator's petition was preliminarily granted so that this court might study the first impression issues raised.

The applicable rule, Rule 30.12, "Disqualification of Judge—Affidavit—When Filed", provides in pertinent part as follows:

"In any criminal case pending in any circuit court . . . The judge shall be disqualified under the provisions of this Rule if . . . the defendant . . . shall file an affidavit stating the defendant . . . cannot have a fair and impartial trial by reason of the interest or prejudice of the judge. Said affidavit must be filed not less than five

days before the date the case has been set for trial, except in instances where the particular trial judge has not been designated five days before the day the case has been set for trial. If the particular trial judge has not been designated five days before the day the case has been set for trial, then such affidavit must be filed before the jury panel is sworn for voir dire examination, or, if the jury be waived, then before the first witness is sworn to testify. . . ."

 The rule affords the trial judge no discretion to deny a first request for disqualification when the necessary allegation of prejudice is timely made, and no actual showing of prejudice is necessary for such peremptory disqualification. *State v. Sullivan*, 486 S.W.2d 474 (Mo.1972). Of course, where bias and prejudice are in fact present, it would be error for a trial judge to fail to recuse himself for cause, and this is so independent of the requirements of Rule 30.12. *State v. Hindman*, 543 S.W.2d 278 (Mo.App.1976). Relator's motion may be read as stating a disqualification request both peremptory in nature and for cause, and, accordingly, we treat each alternative reading below.

 The hypostasis of relator's position is that a probation revocation hearing is in the nature of a separate, independent civil proceeding.[1] Therefore, relator argues, respondent was required to grant the disqualification motion in that the allegation of prejudice, having been filed more than five days before the "trial" of the matter, was timely under Rules 30.12 or 51.05.[2]

---

1. Although it is not necessary to our disposition to decide whether probation revocation hearings are, as relator argues, purely civil in nature, we address this issue only to note that the cases holding that revocation hearings are not to be considered as adversary criminal proceedings do not, conversely, require them to be considered civil in nature. The import of these cases is merely that due process requirements and evidentiary burdens and rules are less rigidly applied here than in the original adversary prosecutions where the full panoply of constitutional rights and protection are conscientiously observed. *Cf. Moore v. Stamps, 507 S.W.2d 939, 949* (Mo.App. banc 1974).

2. Rule 51.05 provides in relevant part:
 (a) A change of judge shall be ordered in any civil action upon the filing of a written application therefor by any party or by his agent or attorney. The application need not allege or prove any cause for such change of judge and need not be verified.
 (b) The application must be filed at least thirty days before the trial date or within five days after a trial setting date has been made, whichever date is later, unless the trial judge has not been designated within that time, in which event the application may be filed within ten days after the trial judge has been designated or at any time prior to trial, whichever date is earlier.

We cannot agree that a probation revocation hearing is a separate, independent proceeding for the reasons stated below. Accordingly, we quash the preliminary writ of prohibition.

Before resorting to the extrajurisdictional cases that we find dispositive, we note that there are Missouri cases extant that point in this general direction. In *Moore v. Stamps*, 507 S.W.2d 939 (Mo.App. banc 1974), this court expressly held that the judge who granted probation originally qualifies as the "neutral and detached officer" required by *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), to hear revocation proceedings.

The result in *State v. Vermillion*, 486 S.W.2d 437 (Mo.1972), also supports our determination here. The Missouri Supreme Court held in *Vermillion* that the parties lose the right to a peremptory disqualification of the trial judge at the swearing of the panel for voir dire, and Rule 30.12 has no application following the principal trial but before hearing on remand for a second offender determination and resentencing.

We conclude that the plea bargain proceedings below constitute the "trial" for the purpose of Rule 30.12 and that the probation revocation hearing is a mere continuation of those proceedings. Thus, relator is not entitled to an automatic disqualification of respondent. Substantial support for our conclusion is found in sister jurisdictions. In treating the application of a similar rule to probation revocation proceedings following a guilty plea and suspended imposition of sentence, the California Court of Appeals stated in *People v. Barnfield*, 52 Cal.App.3d 210, 215, 123 Cal.Rptr. 859, 861 (1975):

> Although appellant did not have a full trial on the facts and issues in the criminal complaints, his plea bargain covered the same span of the judicial process. . . . Appellant here cannot now file a motion [for peremptory disqualification]. That section [providing for such a motion] is intended to be used only for peremptory disqualification of a judge prior to trial or *prior to a hearing that is*

\* \* \* \* \* \*

> *not a mere continuation of proceedings at which appellant could have exercised a peremptory challenge.*
>
> This hearing on the revocation of probation cannot be considered separate from the original plea bargain proceedings. . . . [emphasis added]

*People v. Reese*, 37 Ill.App.3d 820, 347 N.E.2d 451 (1976), similarly holds that the probation revocation constitutes nothing more than a continuation of the original charge and plea proceedings, so that the only disqualification rule applicable at that stage of the case would be providing for disqualification for cause to the exclusion of the peremptory rule. *Accord: People v. Malone*, 41 Ill.App.3d 914, 354 N.E.2d 911 (1976); *People v. Haynes*, 21 Ill.App.3d 1, 313 N.E.2d 601 (1974).

■ Because revocation proceedings are an extension of the original plea bargain or trial, it is manifest that the court granting probation retains continuing jurisdiction over the probationer throughout the entire period of his probation. In *Smith v. State*, 598 P.2d 1389, 1390 (Wyo.1979), treating issues identical to those presented here, the following language from ABA Standards Relating to the Administration of Justice, Probation, 1.1(b), was quoted with approval:

> "[P]robation" means a sentence not involving confinement which imposes conditions and *retains authority in the sentencing court* to modify the conditions of the sentence or to resentence the offender if he violates the conditions. (emphasis in court opinion)

The rationale underlying this concept of continuing jurisdiction is compelling. The *Smith* court further explained that:

> . . . probation is a matter over which the sentencing judge takes a personal hand. His decision is one that he has made upon the basis of his own judgment of the defendant's potential. He has retained control over the defendant's conduct because of an intimate acquaintance with defendant as a person gained

through his own observation in the courtroom and a special study of his background. No one is in a better position than the sentencing judge to accomplish the objects of probation and keep track of its progress. The supervision of probation, through his probation officers, is one of the most important duties performed by the trial judge. It is one of his functions in which he cannot be completely impersonal. So there are compelling reasons for the particular judge allowing probation to trace and retain an individual concern over each defendant in whom he has placed his confidence. We find nothing in Rule 23(d) indicating any authority to disqualify a trial judge from fully winding up a case once the time periods prescribed by the rule for a peremptory challenge have passed; and that is the view of other courts, as well. *Id.* at 1391.

Relator argues that *State ex rel. B.C.C. v. Conley*, 568 S.W.2d 605 (Mo.App.1978), requires a different result. In *Conley*, the relator juvenile had been duly declared a ward of the juvenile court and ordered remanded to the custody of his parents under the supervision of a juvenile officer. Subsequently, the juvenile officer filed a motion to modify the previous order, seeking to have relator committed to the custody of the division of youth services because of his alleged perpetration of certain felonious acts. The juvenile moved for a peremptory disqualification of judge under Rule 51.05, contending that the requested modification constituted an independent civil action for the purpose of Rule 51.05. The trial judge denied the motion, asserting that he had continuing jurisdiction over the matter and that relator's motion could only have been timely if filed before the original juvenile hearing. The Court of Appeals, Western District, made absolute its preliminary writ of prohibition against the respondent upon finding that the commitment proceedings constituted a new "civil action" under Rule 51.05. However, the rationale employed by the court in *Conley* shows it to be distinguishable from the instant case.

In *Conley*, the court was persuaded by the fact that proceedings for the commitment of a juvenile were instituted under a statute wholly distinct from that under which the juvenile was originally adjudicated a ward of the court. Distinctions peculiar to the commitment statute cited by the court as persuasive include the right to an adversary hearing and representation by counsel and the fact that the juvenile court loses jurisdiction over the juvenile once committed. In essence, the commitment proceedings thus constituted a new cause of action, the prosecution of which was in no way dependent upon the institution of the former wardship proceedings. As such, juvenile commitment proceedings do not correspond to probation revocation hearings which are outgrowths of and dependent upon prior criminal prosecutions. *Conley* is not in point.

■ Finally, as noted above, it would be error for the respondent judge to fail to recuse himself at any stage of the proceedings below if, in fact, he were unfavorably predisposed toward relator. *Hindman*, 543 S.W.2d at 283. We have scrutinized the record and find no indicia of actual bias or prejudice on the part of respondent, albeit relator contends bias by reason of *ex parte* communications sent to him by the prosecutor and probation office. Such communications without response from respondent are not sufficient to warrant his disqualification. Nor will we infer bias or prejudice from the fact that the trial court had previously revoked relator's probation in a prior proceeding. *See: People v. Holmes*, 1 Ill. App.3d 28, 272 N.E.2d 254 (1971).

The preliminary writ of prohibition is quashed.

KELLY, P. J., and REINHARD, J., concur.