**STATE of Missouri, ex rel. Glenn HORTON, Relator,**

v.

**The Honorable Robert HOUSE, Judge, 44th Judicial Circuit, Respondent.**

**No. 63939.**

Supreme Court of Missouri, En Banc.

Feb. 23, 1983.

James R. Cox, Woolsey, Fisher, Whiteaker, McDonald & Ansley, Springfield, for relator.

John Ashcroft, Atty. Gen., Jay D. Haden, Asst. Atty. Gen., Jefferson City, for respondent.

---

SOLBERT M. WASSERSTROM, Special Judge.

Respondent judge declined to disqualify himself despite relator's request for a change of judge. Relator applied to this court for a writ to prohibit respondent from proceeding, and a preliminary rule in prohibition issued. We now make the preliminary rule absolute.

On January 8, 1981, relator appeared before Judge Crouch and entered a plea of guilty to a charge of burglary in the second degree. That felony proceeding had been commenced and was pending in Wright County, which at that time was part of the 38th Judicial Circuit. On March 5, 1981, Judge Crouch placed relator on probation.

On March 17, 1982, the prosecuting attorney moved to discontinue the probation. Between the dates when relator had been placed on probation and the date of the motion to revoke, the 38th Judicial Circuit had been split into two circuits, as a result of which Wright County became part of the new 44th Judicial Circuit over which respondent presides. On March 18, 1982, respondent entered an order setting the revocation hearing for April 8, 1982.

A controversy then developed as to which judge properly had jurisdiction over the revocation proceeding. Relator's counsel took the position that Judge Crouch had jurisdiction, but respondent was of a contrary view and on March 29, 1982, designated himself as the judge to conduct the revocation hearing.

On March 31, 1982, relator filed a request for change of judge. On April 4, 1982, respondent entered the following docket entry:

"Court defers ruling on request for change of judge in order to allow defendant to file Writ of Prohibition. Court intends on 4/12 to deny request for change of judge if writ is not issued."

That order motivated the present proceeding in prohibition.

Relator contends that he is entitled to the change of judge under either Criminal Rule 32.07 or Civil Rule 51.05, whichever may be deemed applicable. He argues primarily that Rule 51.05 applies, which provides that a litigant in a civil case is entitled to one change of judge upon timely application. Subsection (b) of that rule provides in pertinent part that the application may be filed "within ten days after the trial judge has been designated or at any time prior to trial, whichever date is earlier." Relator points out that he did file his application for change of judge two days after respondent had designated himself as the judge to hear the revocation proceeding, and that this request preceded the date of April 8 which had been set for the purpose of that hearing.

Relator goes on to argue that if a revocation proceeding is to be considered as criminal rather than civil in nature, then he comes within the ambit of Rule 32.07 which also provides for a change of judge upon timely application. Subparagraph (b) of Rule 32.07 provides that if the designation of the trial judge occurs less than ten days before trial, "the application may be filed anytime prior to trial." Relator states that he has complied with this requirement in that his request for change of judge was filed prior to the hearing date setting of April 8, 1982.

Respondent on the other hand contends that whichever of the above two rules apply, relator has failed to comply with the time requirement. It is argued on his behalf that the "trial" referred to in both rules means, in the present situation, the hearing on the guilty plea which occurred on January 8, 1981; and he further argues that the parole revocation is a mere continuation of that earlier proceeding. *State ex rel. O'Brien v. Murphy*, 592 S.W.2d 194 (Mo. App.1979) is cited in support of those propositions.

*O'Brien* is factually distinguishable and is therefore not controlling here. In *O'Brien*, Judge Murphy had accepted certain guilty pleas, had suspended imposition of sentence, and had placed the defendant upon probation. Thereafter Judge Murphy held a probation revocation hearing in which he found that the defendant had violated the terms

of probation and imposed sentence. The defendant was released pursuant to a habeas corpus proceeding because of improper notice in the revocation matter, and a second revocation hearing was then set before Judge Murphy. It was at that point for the first time that the defendant filed a motion to disqualify Judge Murphy peremptorily. Judge Murphy denied the request, and upon application for writ of prohibition, the court of appeals held that under the circumstances of that case the defendant did not have a right of peremptory challenge.

The dominant and distinguishing fact in *O'Brien* is that the judge holding the revocation hearing was the same judge who had heard and accepted the guilty plea. The defendant in *O'Brien* had full opportunity to challenge Judge Murphy peremptorily on that initial occasion, and there was nothing unfair in denying him such a right again when the revocation matter came up.

In contrast, relator here did not have any opportunity to challenge respondent until March 29, 1982, when respondent designated himself as the one who would conduct the revocation hearing. The previous hearing on the guilty plea had been before Judge Crouch, as to whom relator was perfectly content. If relator should not be given an opportunity to peremptorily challenge respondent now, that means that he will never have had any opportunity to disqualify a judge who will pass upon whether relator should be imprisoned.

The principle distinguishing the present case from *O'Brien* is supported by *People v. Smith,* 196 Cal.App.2d 854, 17 Cal.Rptr. 330 (1962) which arose on facts quite similar to those of the present case. In *Smith,* the defendant had been convicted of a felony and placed on probation by Judge Rhone. Subsequently another hearing was held before Judge Maushart, who modified the probation. Still later a further proposed modification came on for hearing before Judge Call. The defendant filed application under the California Statute which provided that a defendant may obtain a peremptory disqualification of the judge. Judge Call or-

dered the affidavit stricken on the ground that it could not be filed after the trial on the original charge had been commenced; and that the modification or revocation of probation proceedings were all continuations of the original trial and not a separate proceeding or hearing within the meaning of the statute.

On appeal, that ruling was vacated. The appellate court stated the issue to be: "May a defendant file an affidavit under section 170.6 of the Code of Civil Procedure to disqualify a judge from hearing a purported violation of probation where the judge has had no previous connection with the case?" The appellate court then answered that question as follows:

"We construe it to be the intent of the Legislature that where a litigant has not previously exercised his privilege under 170.6 he may do so in a proceeding supplemental to the original action as to a judge other than any judge who has previously heard any phase of the matter, provided that he does so before the commencement of the hearing of the supplemental proceedings by such judge and within the time limitations specified in the section."

■ The same result must be adopted here. The right of a defendant to disqualify the judge "is one of the keystones of our legal administrative edifice" and our courts therefore adhere to a rule of liberal construction in favor of the right to disqualify. *State ex rel. Campbell v. Kohn,* 606 S.W.2d 399 (Mo.App.1980).

■ Under the circumstances of this case, respondent was legally obligated to grant the change of judge and he has no jurisdiction to proceed further other than to take appropriate steps to accomplish such transfer. The preliminary rule in prohibition is therefore made absolute.

RENDLEN, C.J., WELLIVER, HIGGINS, GUNN and DONNELLY, JJ., and SEILER, Senior Judge, concur.

BILLINGS and BLACKMAR, JJ., not participating because not members of the Court when cause was submitted.