**STATE of Missouri, Respondent,**

v.

**Gary MARTIN, Appellant.**

**No. WD 34907.**

Missouri Court of Appeals, Western District.

May 15, 1984.

Thomas J. Marshall, Moberly, for appellant.

John Ashcroft, Atty. Gen., Janet E. Papageorge, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and MANFORD and BERREY, JJ.

PER CURIAM:

This case arose during the appellant Martin's serving of a 15 year sentence in the Moberly facility of the Missouri Department of Corrections. He was there following his guilty plea for first degree robbery. On October 7, 1981, less than three weeks after being in the facility, the appellant was found to have a knife in his pants pocket. He was charged in Randolph County with the Class D felony of carrying a concealed weapon under § 571.030.1(1) (amended 1981) of the Revised Statutes of Missouri Cum.Supp.1983. Martin's motion for change of venue was sustained, and the case went to Cooper County. The appellant asserted the reason for carrying the knife was to protect himself from gang homosexual rapes threatened upon him within two days after being received in Moberly.

A brief recitation of the events in the Cooper County circuit court are in order:

November 1, 1982 Martin filed a pro se notice to utilize at trial the defenses of justification, 563.026 RSMo 1978, and duress, 562.071 RSMo 1978.

December 17, 1982. Attorneys for both sides appeared in court. Martin

presented his "necessity" defense, and a hearing on the motion was scheduled by Judge Barnes for January 24, 1983. Also, the judge in a letter dated December 17th and filed in the court file on December 22, 1982, wrote to the Attorney General of Missouri and told him, 1) of this pending criminal case, 2) that Martin was an inmate at Moberly, 3) of Martin's intent to use the defense of "necessity" as had been done in the escape case of State v. Baker since he was trying to protect himself from a gang rape by black prisoners, 4) to strengthen this defense Martin intended to offer the testimony of other prisoners who had had similar experiences, 5) that at a conference with counsel the judge had indicated unless a case could be found "directly on point," he "would likely not permit the defense," and 6) that Martin is white, slightly built and would make an articulate witness and the defense "might just fly," but if successful the result would be alarming in that prisons would become armed camps.

January 24, 1983. A hearing was held on the appellant's motion.

January 25, 1983. The court ruled against Martin's motion.

January 26, 1983. The trial judge was sued as a party defendant (the others being the Randolph County prosecutor and the superintendent of the Moberly Training Center for men) in a complaint under the Civil Rights Act, 42 U.S.C. § 1983 brought by Martin for damages arising out of his incarceration at Moberly and the violence alleged to have been threatened on him.

February 3, 1983. The judge wrote, in a letter filed with the case, to the prosecutor acknowledging the § 1983 suit stating his intent to disqualify himself in the pending criminal case. The judge wrote to both attorneys on March 1, 1983 advising of an April 5th trial date but expressing doubt as to his hearing the case.

April 5, 1983. Just minutes before trial, the appellant filed an application for change of judge under Rule 32.07 and Rule 32.10 because the judge was a defendant in the § 1983 suit and because of fundamental fairness to him. The application was denied by Judge Barnes, the trial immediately began and Martin was found guilty by a jury. Because he was found to be a prior offender he was sentenced by the court to a concurrent term of three years.

The appellant here contests the rulings on the change of judge application and the denial of his defenses of justification and duress.

The appellant's first point is that the trial judge erred in not granting his motion for change of judge pursuant to Rule 32.07 because the judge was a defendant "in a certain case in United States District Court and fundamental fairness to defendant ... requires a different judge be appointed." This motion presented the day of trial was denied with the following explanation.

THE COURT: Very well. First, the application for change of judge is not an application for change as a matter of right. The defendant having exhausted his right to a change of judge as a matter of right, having previously asked for a change of venue and received a change of venue to this county.

The application is also out of time under the Rules of Procedure. In this case, the Court finds and declares that the Court is not in any manner prejudiced and that the Court sitting in this case will not be violative of any fundamental fairness to the Defendant in the case at trial here which will be tried to a jury.

The state basically argues the ruling was discretionary since the venue had been changed and the motion untimely made, and since Rule 32.09(c) says nothing in Rules 32.01 through 32.09 "shall prohibit a judge from ordering ... a change of judge when fundamental fairness so requires."

Neither argument by the state is persuasive. Although a reversal is called for and it is unnecessary to ascertain whether the disposition of the application was discretionary or as a matter of right, this brief examination of the Rule 32 is in order.

Rule 32.09 (a) generally allows no more than one such change of judge, and (b) allows one change of venue as a matter of right. *See* however, Rule 32.08 which requires a change of judge and venue request to be made in a single application. The untimeliness of the application does not automatically mean it should have been denied. As noted earlier 32.09(c) allows the granting of the motion when fundamental fairness so requires. Rule 32.10 allows a judge who "has an interest in ... the criminal proceedings" to disqualify himself even if no such application has been made.

Whether by motion of this defendant or on his own, the trial judge should have disqualified himself. This court is concerned primarily with the letter of December 17th to the Attorney General. What prompted the court to write this apparently unsolicited letter is of no importance. Under the applicable rules and in the interest of fundamental fairness, the judge should have thereafter disqualified himself. His interest in and discussion of the disposition of the pending motion, well prior to hearing by letter to the office that would ultimately represent the state on appeal represented such an interest or prejudice in the matter to cause recusal, to avoid, "even an intimation that he could not fairly conduct" the trial. *State v. Huett*, 340 Mo. 934, 104 S.W.2d 252, 258 (1937); *State ex rel. McAllister v. Slate*, 278 Mo. 570, 214 S.W. 85, 88 (banc 1919). *See also State v. Selle*, 367 S.W.2d 522, 527 (Mo.1963). The circumstances here do not parallel those in *State v. Woollen*, 643 S.W.2d 270, 273 (Mo.App. 1982) and *State ex rel. O'Brien v. Murphy*, 592 S.W.2d 194 (Mo.App.1979) where no prejudice was found to exist where the communications were *to* the judge and he made no response. Because of the disposition of the change of judge request, and the ruling that it should have been granted it is unnecessary here to rule on the second point of the applicability of the requested defenses.

The letter showed an interest in the case by the trial judge which should have called for him to disqualify himself as he mentioned in his letter to the prosecutor on February 3rd. For this reason alone a reversal is called for and the cause remanded for the court to make request to the Supreme Court to transfer a judge to hear the new trial.