STATE ex rel. Kenneth
HEISTAND, Relator,

v.

Honorable Thomas K. McGUIRE,
Jr., Respondent.

No. 67078.

Supreme Court of Missouri,
En Banc.

Dec. 17, 1985.

Kenneth Heistand, pro se.

Donald L. Clough, Springfield, for respondent.

DONNELLY, Judge.

This is an original proceeding in prohibition, whereby it is sought to prohibit respondent, as Associate Circuit Judge of the Circuit Court of Greene County, from taking further jurisdiction in the trial of a case wherein relator is plaintiff and Donald L. Clough is defendant, said cause being No. CV 184–1412CC upon the docket of the Greene County Circuit Court.

Relator is an inmate in a state correctional institution. He filed suit in the Circuit Court of Greene County against his former attorney, Donald L. Clough, seeking to recover money paid to Clough for legal services which were allegedly never rendered. The cause was assigned to respondent McGuire after each judge sitting in one of the four divisions of the Circuit Court of Greene County disqualified himself on his own motion. *See* Rule 51.07(2); Mo. Const. art. V, § 15. Relator then filed a *pro se* motion in the trial court that he designated an "Application for Change of Venue" wherein he averred that he could not receive a fair hearing before respondent in the Circuit Court of Greene County because Clough had an "undue influence" over the mind of respondent. Relator based his claim of undue influence on the fact that Clough had once served as Associate Circuit Judge of Greene County and was currently a practicing attorney in Greene County. Relator instituted this proceeding in prohibition after respondent overruled his motion.

The issue to be determined by this Court is whether respondent is without jurisdiction to proceed to trial. *State ex rel. Horton v. House*, 646 S.W.2d 91 (Mo. banc 1983).

If relator's motion was nothing more than a request for a change of venue, there can be no doubt that respondent was not obliged to order a change of venue and relinquish jurisdiction of the cause based upon relator's assertion that Clough could unduly influence him. A change of venue in a civil action may be ordered only after a

determination is made that the inhabitants of the county are prejudiced against the party seeking a change of venue or that the opposite party has an undue influence over the county's inhabitants. Rule 51.-04(a). Relator did not allege the existence of prejudice or undue influence affecting the inhabitants of Greene County.

However, we believe that the averments set forth in the motion were sufficient to apprise respondent that relator sought to exercise his entitlement under Rule 51.05 to a change of judge. Rule 51.05 affords the civil litigant "a virtually unfettered right on one occasion to unilaterally disqualify a judge who is subjectively sensed to be partial, prejudiced or lacking in objectivity." *State ex rel. B___ C___ C___ v. Conley,* 568 S.W.2d 605, 609 (Mo.App. 1978). The use by relator of the designation "change of venue" was clearly a misnomer when the relief sought was a change of judge. *See Hayes v. Hayes,* 363 Mo. 583, 586, 252 S.W.2d 323, 325 (1952); *State v. Waltner,* 350 Mo. 1021, 1032, 169 S.W.2d 697, 700 (1943); *State ex rel. McAllister v. Slate,* 278 Mo. 570, 576, 577, 214 S.W. 85, 87 (banc 1919). Nevertheless, the misleading caption should not prove fatal where, as here, relator expressly requested relief in his motion based upon Clough's "undue influence over the mind of the judge in this case."[1]

In these circumstances, the pleadings must be construed so "as to do substantial justice." Rule 55.24. We continue to view the right of a litigant to unilaterally disqualify a judge as "one of the keystones of our legal administrative edifice * * *" and, accordingly, hold that respondent is without jurisdiction to proceed to trial. *House,* 646 S.W.2d at 93. The cause must be tried (1) by another judge in the same circuit, or (2) by a judge authorized to

sit under Mo. Const. art. V, § 15, or (3) by a judge transferred by order of this Court. Rule 51.05(e)(2).[2]

The preliminary rule in prohibition is made absolute.

All concur.

Associate Circuit Judge in Greene County, no judge "still tenured" in Greene County may try his case. We disagree. In the exercise of a sound discretion, *three* options are available under Rule 51.05(e)(2). *See Hontz v. State,* 574 S.W.2d 522 (Mo.App.1978).

---

1. The Committee Note to Rule 51.05 indicates that the following application would have been sufficient:
   "(Caption)
   Plaintiff requests a change of judge.
   (Signature and address of attorney or party)."

2. In his Petition filed in this Court, relator infers that because of Clough's prior service as