**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Mark Edward HOLLENSBE,
Defendant-Appellant.**

**No. 50684.**

Missouri Court of Appeals,
Eastern District.

Sept. 30, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 29, 1986.

Application to Transfer Denied
Dec. 16, 1986.

Leonard J. Frankel, Michael H. Musich, Mazur, Raben, Breece, Frankel, Kaiser & Jones, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Kevin B. Behrndt, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CARL R. GAERTNER, Presiding Judge.

Appellant was convicted after a jury-waived trial of assault in the second degree, "recklessly causing serious physical injury to another person." § 565.060.1(3), RSMo.Cum.Supp.1984. The trial court imposed a five year sentence, but suspended its execution, placing defendant on probation for five years with special conditions. Defendant appeals, claiming 1) the evidence adduced at trial fails to show he caused serious physical injury to the victim,

and 2) he was unconstitutionally denied assistance of counsel at sentencing. We affirm.

The evidence introduced by the state revealed the following facts. Appellant was seated in a car showing his gun, a .22 caliber two-shot derringer, to a friend. The victim, Terry Werber, and several other young men were standing outside the open door of the car. One of the men said, jokingly, "End it for me. Go ahead. Blow my head off." Appellant removed a bullet from one of the two chambers of the derringer, apparently believing it to be the chamber which fired first in rotation. He then pointed the gun away from his friend and pulled the trigger. The gun fired. Werber was struck and fell to the ground just outside of the car.

Appellant challenges the sufficiency of the evidence. He correctly contends that in order to sustain a conviction under § 565.060.1(3), the state must prove beyond a reasonable doubt that 1) he acted recklessly and 2) his recklessness caused serious physical injury. Appellant's challenge is directed to the second element. He argues that in the absence of medical evidence and without any testimony describing the wound or the injuries Werber sustained, the state has failed to prove his recklessness caused "physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body." § 556.061(26), RSMo. Cum.Supp.1984.

The evidence before the court regarding the nature and extent of the injury is indeed meager.[1] Terry Werber testified merely that he had no memory of the incident. Only one other eyewitness testified, but though he described the shooting he was not asked to describe Werber's injury. A police officer testified he was told only that the victim had a head wound. The record establishes Werber was taken by

---

1. In reviewing the evidence of serious physical injury we limit our consideration to the evidence before the trial court at the time the cause was submitted and disregard the evidence adduced at the time of sentencing.

ambulance to a hospital. No evidence was adduced, however, regarding the treatment he received or the length of his stay. Appellant argues this evidence falls short of proving beyond a reasonable doubt that Werber sustained a "serious physical injury" within the statutory definition because it does not rule out a superficial, grazing type of wound. *See State v. Manning,* 664 S.W.2d 605, 609 (Mo.App.1984).

■ Appellant does not overstate the paucity of testimony regarding the nature and extent of the injury inflicted. He does, however, overlook a most salient item of documentary evidence which was submitted to the trial court when the case was taken under submission. By consent, a ballistics report was introduced in evidence. The report identifies "one minute lead fragment, which was removed from the victim's head by Dr. Kendig at the St. John Mercy Medical Center." We must view this evidence in the light most favorable to the state and indulge all legitimate inferences that may be drawn from it. *State v. Adams,* 654 S.W.2d 376–77 (Mo.App.1983). The evidence, viewed in this light, shows that the bullet struck Werber in the head with such force that it shattered on impact into minute fragments that required surgical removal. This evidence effectively rules out a grazing wound. Moreover, we may legitimately infer that it was the gravity of the wound that deprived Werber of any memory of the incident. On this evidence, and without resort to speculation or conjecture, a trier of fact could have found that beyond a reasonable doubt the victim sustained serious physical injury. Appellant's first point is therefore denied.

Appellant's remaining point relates to the procedure at sentencing. The case was taken under submission by the trial court on June 13, 1985. On July 22, 1985, the court entered an order finding the appellant guilty of assault in the second degree and a pre-sentence investigation was ordered. On September 20, 1985, appellant and his attorney appeared for sentencing. The victim's mother was also present. She had mailed a letter to the trial judge in which she recounted the extensive medical treatment and rehabilitative therapy her son had undergone because of massive brain damage. The letter details major physical and mental impairment and refers to medical and other expenses of approximately $95,000.00. At the hearing she was sworn and was questioned extensively by the court regarding these expenses. The court overruled the objection of appellant's counsel that her testimony was undocumented hearsay and denied him the right to cross-examine her. The court ordered as a special condition of probation that appellant maintain full-time employment and pay restitution "in the amount of 25% of net pay received during period of probation, not to exceed out-of-pocket expenses."

Appellant does not challenge the authority of the court to make restitution a special condition of probation. § 559.021, RSMo. Cum.Supp.1984. Instead, he attacks as a denial of due process the trial court's refusal to allow cross-examination of the victim's mother. He requests we vacate the order of restitution and remand the case for a full and complete sentencing hearing.

■ The state does not dispute the constitutional right of a defendant to be represented by counsel at sentencing, a critical stage of a criminal proceeding. *See Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); *Nickelson v. State,* 583 S.W.2d 746, 747 (Mo.App.1979). But, if all counsel may do at sentencing is hold his client's hand and provide solace to his client's family, his role as advocate is no more than a facade. *See Responsibilities of Counsel at Sentencing,* Missouri Criminal Practice, 2nd edition, volume 2, § 28.9 —17 (1984). The due process right to legal representation at sentencing is safeguarded only if the lawyer is permitted to act at sentencing as a lawyer. For this reason denial of the right to cross-examine the victim's mother after she had been sworn and interrogated by the court constituted a denial of due process as guaranteed by the 5th Amendment to the United States Constitution and Art. I, § 10 of the Missouri Constitution.

Nevertheless, under the circumstances of this case, we find no cause to vacate the order of restitution or to remand the case for further proceedings. Appellant concedes the authority of the court to order restitution. He does not dispute the existence of substantial medical and related expenses. His only complaint is that the trial court accepted the undocumented estimates of the victim's mother. He contends he was "prejudiced by the indeterminate nature of the restitution order." We disagree. The fact the court had insufficient competent evidence upon which to formulate an exact amount of the out-of-pocket expenses does not render the order of restitution invalid. The court did not purport to enter a monetary judgment for a specific sum. Rather, the court directed the Board of Probation and Parole to collect and account for restitution payments subject to at least annual review by the court. The court retains continuing jurisdiction throughout the entire period of probation. *State ex rel. O'Brien v. Murphy*, 592 S.W.2d 194, 196 (Mo.App.1979). Therefore, in the event appellant finds the restitution condition of his probation has become excessive or unduly oppressive, he may petition the trial court for modification thereof. His complaint of prejudice based solely upon the indeterminate nature of the order of restitution, without even a suggestion of what facts might dictate a different order, is insufficient to warrant appellate interference with the discretion of the trial court.

Accordingly, the judgment is affirmed.

SMITH and SNYDER, JJ., concur.