APPENDIX

Missouri Court of Appeals,
Eastern District,
Division Six.

STATE of Missouri, ex rel., Ernest
DUNN, Relator,

v.

The Honorable David A. DALTON, Pre-
siding Judge, 11th Judicial Circuit, and
the Honorable Kathie B. Dudley, Asso-
ciate Circuit Judge, Lincoln County,
Respondents.

No. 58110.

June 26, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 7, 1990.

Jeanene Moenckmeier, St. Louis, for relator.

Mark D. Bradley, Asst. Prosecutor, St. Charles, for respondents.

JOSEPH J. SIMEONE, Senior Judge.

This case is an original proceeding in mandamus to compel the Honorable David A. Dalton, Presiding Judge of the 11th Judicial Circuit to reassign the Honorable Lester W. Duggan, Jr., the judge who originally took pleas of guilty from relator, as the judge to preside over relator's probation revocation proceedings. We have jurisdiction. Mo. Const. Art. V., § 4. We issued our preliminary order on March 16, 1990. We now make our preliminary order permanent.

On March 2, 1987, relator, Earnest Dunn, pleaded guilty before the Honorable Lester W. Duggan, Jr. to two counts of burglary, second degree and three counts of stealing over $150.00. Sections 569.170, 570.030.-3(1), RSMo, 1986. The guilty pleas were made on the State's recommendation, but the State took no position on either probation or parole. Early in the proceedings, and after charges were filed, the State filed a motion to disqualify Judge Duggan in each of the criminal cases, and he, in fact, did disqualify himself in one of the charges. But no order of disqualification appears in the record on the other four charges. Later in the proceedings, the State, on March 2, 1987, waived its disqualification of Judge Duggan. Pleas were taken on March 2, 1987. At the sentencing on May 4, 1987, Judge Duggan offered relator a two year prison sentence, or a suspended imposition of sentence with five year concurrent terms of probation. Relator chose the latter. Judge Duggan imposed concurrent suspended imposition of sentences and granted relator five years probation. At no time during the plea proceedings or the sentencing did the State move to disqualify Judge Duggan after waiving its initial motion for disqualification.

On March 22, 1989, motions were filed in each of the cases, to revoke probation. Respondent, Judge Dalton, as presiding judge of the circuit, first assigned the probation revocation proceedings to the Honorable Fred Rush, and then assigned the probation revocation proceedings to the Respondent, the Honorable Kathie B. Dudley, Associate Judge. The State, apparently, routinely disqualifies Judge Duggan from hearing any criminal cases. Apparently all of the other judges in the circuit have been disqualified to preside over relator's cases except Judge Duggan.

On March 15, 1990, relator filed his petition for mandamus and prohibition praying that the Respondent, Judge Dudley, be prohibited from presiding over the probation revocation proceedings and praying that the Respondent, Judge Dalton, be compelled to assign the probation revocation proceedings to Judge Duggan.

In his brief, relator contends that he is entitled to have Judge Duggan, the judge who originally accepted his pleas, and who imposed the sentences, preside over the probation revocation proceedings and to impose sentence, if any. Relator relies on *State ex rel. O'Brien v. Murphy,* 592 S.W.2d 194 (Mo.App.1979).

Respondent, Judge Dalton, contends that, as presiding judge, he has authority, pursuant to § 478.240, RSMo to make assignments of judicial personnel to cases which in his best judgment would be beneficial to the control of the docket and the administration of justice, and further contends that Judge Duggan is currently assigned to the civil division and is otherwise incapacitated from presiding over the cases involving relator.

In *State ex rel. O'Brien v. Murphy, supra,* relator sought to bar the respondent, Judge, from presiding at a probation revocation hearing following a denial of relator's motion for disqualification. Relator had pleaded guilty to charges of burglary and stealing, imposition of sentence was suspended and relator was placed on probation. A probation revocation hearing was held but later set aside because of improper notice. A second hearing was scheduled; relator filed a motion for disqualification on the ground that the judge had prejudged the issues. Relator sought prohibition in this court. The preliminary writ was quashed. This court treated the motion for disqualification as both peremptory in nature and for cause. Despite relator's contention that probation revocation proceeding is a separate, independent civil proceeding, so that he is entitled to an automatic disqualification pursuant to Rules 30.12 [now Rule 32.07] or 51.05, upon a "timely" notice, this court held that the probation revocation proceeding is not a "separate, independent proceeding," and that the "plea bargain proceedings" constitute the "trial" within the meaning of the rule. The probation revocation hearing is a mere continuation of the plea proceedings. This court found substantial support for our holding in the decisions of other jurisdictions, and in the ABA Standards Relating to the Administration of Justice. This court concluded that:

> Because revocation proceedings are an extension of the original plea bargain or trial, it is manifest that the court granting probation retains continuing jurisdiction over the probationer throughout the entire period of his probation.

*Murphy, supra,* 592 S.W.2d at 196.

The rationale for our conclusion was that "probation is a matter over which the sentencing judge takes a personal hand. His decision is one made upon the basis of his own judgment of the defendant's potential ... No one is in a better position than the sentencing judge to accomplish the objects of probation and keep track of its progress." *Murphy, supra,* 592 S.W.2d at 197, quoting from *Smith v. State,* 598 P.2d 1389, 1391 (Wyo.1979). Based on this rationale, and the principle that the probation revocation proceeding is a continuation of the plea proceedings and not a separate or independent one, we quashed the preliminary writ, and held that the sentencing judge was the proper official to preside at the probation revocation proceedings.

In *State ex rel. Horton v. House,* 646 S.W.2d 91 (Mo. banc 1983), relator appeared before Judge Crouch in Wright County and pleaded guilty to a charge of burglary. Relator was placed on probation. Wright County, by legislation, became a part of another circuit and after becoming so, the prosecutor moved to revoke probation, before the Honorable Robert House, the judge in the new circuit. Relator moved to disqualify Judge House who declined. A writ was sought in the Supreme Court, because the controversy developed as to which judge had jurisdiction to hear the probation revocation proceeding. Our Supreme court held that relator's motion to disqualify Judge House

was timely filed since it was filed two days after the Judge designated himself as the judge to hear the revocation proceeding. The Supreme Court made the preliminary writ of prohibition absolute holding that the respondent judge, who did not originally take the guilty plea and impose sentence was legally obligated to grant the change of judge because he had no jurisdiction to proceed with the probation revocation proceeding, other than to take "appropriate steps" to disqualify himself. See also *State v. Hollensbe*, 720 S.W.2d 14, 17 (Mo. App.1986); and *Tittsworth v. Chaffin*, 741 S.W.2d 314, 316 (Mo.App.1987).

■ These authorities, and the rationale underlying them, establish the principle that the judge who initially accepts a guilty plea, imposes sentence or enters a suspended imposition of sentence and places the defendant on probation is the proper judicial official to preside at a probation revocation hearing. That hearing is not a separate and independent proceeding that is a continuation of the original plea proceedings.

Respondent relies upon *State v. Tettamble*, 450 S.W.2d 191 (Mo.1970) and *People v. Smith*, 196 Cal.App.2d 854, 17 Cal.Rptr. 330 (1961) cited in *House*, and argues that *Murphy* does not hold that a probation revocation hearing can never be heard by a judge other than the judge who presided as trial or took the plea. These decisions are not controlling.

In *Tettamble*, our Supreme Court held that a successor judge to one whose term had expired had authority to sentence a defendant after the cause was remanded. That decision is inapposite. *Tettamble* is applicable when a judge, dies, ceases to hold office or for some other legitimate or compelling reason.

In *People v. Smith, supra,* the defendant was convicted for violating The Vehicle Code of California. The judge who tried the case granted defendant probation. A "modification" of probation came on for a hearing before another judge. Defendant filed an affidavit of prejudice. The precise issue was whether under a statute of California, defendant may file an affidavit to disqualify the judge from hearing a violation of probation when the judge had no previous connection with the case. The court held that he did. In the course of the opinion, the California court referred to a local Superior Court rule which provided that "whenever the judge is not sitting in the criminal division ... [an application to revoke probation] shall be heard and determined by the judge presiding over the Master Calendar Department of the Criminal Division or by any other judge whom he shall designate." The appellate court stated that under this local rule, the judge hearing the probation revocation properly denied defendant's motion to transfer the case to the original judge who sentenced defendant. *Smith* does not govern the circumstances of this case. The facts and circumstances in *Smith* are distinguishable.

■ These decisions are not dispositive of the issue here. While it may be true that in proper circumstances the probation revocation hearing may be heard by another judge, the fact that Judge Duggan has, since the pleas were taken, been assigned to a civil division does not deprive him of the power to conduct the revocation of probation proceedings.

Although, it may be that a presiding judge of a circuit is empowered, pursuant to Art. V., § 17 and § 478.240, RSMo., 1986, to assign any case or classes of cases to other judicial personnel in the circuit in a proper case and under certain circumstances, we need not specifically pass on that issue in the present case.

Since the State, although it originally sought to automatically disqualify Judge Duggan, waived its disqualification, allowed him to proceed with the charges, accept the pleas and grant probation in the cases, involved herein, (*See State v. Owens*, 759 S.W.2d 73, 78 (Mo.App.1987)), jurisdiction remained exclusively with Judge Duggan to preside at the probation revocation proceedings.

In view of the above authorities and the rationale embodied therein, our preliminary

order of mandamus is hereby made permanent.

GRIMM, P.J., and CARL R. GAERTNER, J., concur.