[Crim. No. 26261. Second Dist., Div. Two. Oct. 15, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
GORDON KENDELL BARNFIELD, Defendant and Appellant.

**COUNSEL**

David A. Rothberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, William R. Pounders and Stephen M. Kaufman, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BEACH, J.**—Defendant Barnfield appeals from an order revoking probation.

### FACTS:

Appellant was charged in count I with assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)), and in count II with robbery (Pen. Code, § 211). On September 20, 1973, appellant withdrew an earlier plea of not guilty and entered a plea of guilty to count I. On motion by the People, count II was dismissed. The court suspended criminal proceedings and placed appellant on probation for a period of five years.

On April 11, 1974, appellant was found to be in violation of probation. Probation was revoked and a bench warrant issued. On September 18, 1974, before the same judge who had presided over the proceedings of September 20, 1973, a deputy public defender was appointed to represent appellant. Appellant's oral motion pursuant to section 170, subdivision 5 of the Code of Civil Procedure to transfer the formal hearing on probation revocation to another department was denied.

On October 30, 1974, the formal probation revocation hearing was held, again before the same judge who presided on September 20, 1973, and September 18, 1974. Appellant's second motion pursuant to section 170, subdivision 5, was written; it was denied, the court finding the motion to have been untimely filed. Counsel inquired "Your Honor . . . I assume that the Court would deny the motion as a peremptory challenge, is that correct?" The court replied "Under any and all grounds; any and all theories."[1] Probation remained revoked and appellant was sentenced to state prison for the term prescribed by law.

---

[1]Assuming *arguendo* that counsel intended a peremptory challenge as well as a challenge for cause, the peremptory challenge must be considered under section 170.6. Section 170, subdivision 5, now governs disqualification for cause. Counsel inadvertently designated his motion as "under 170.5" (repealed in 1959). It is apparent he intended

CONTENTIONS ON APPEAL:

Appellant contends that:

1. The trial court erred in ruling that appellant's 170.6 motion was not timely filed.

2. The trial court erred by refusing to allow the question of disqualification to be determined by another judge.

3. The trial court erred in ruling that the statements contained in appellant's affidavit and points and authorities submitted under 170.6 did not set forth facts constituting a ground for disqualification.

4. The trial court abused its discretion by failing to refer appellant to the California Rehabilitation Center.

DISCUSSION:

1. *Appellant's motion under Code of Civil Procedure section 170.6 was untimely and was properly denied.*

Section 170.6 provides, in relevant part: "Any party to or any attorney appearing in any such action or proceeding may establish such prejudice by an oral or written motion without notice supported by affidavit or declaration under penalty of perjury or an oral statement under oath that the judge or court commissioner before whom such action or proceeding is pending or to whom it is assigned is prejudiced against any such party or attorney or the interest of such party or attorney so that such party or attorney cannot or believes that he cannot have a fair and impartial trial or hearing before such judge or court commissioner. Where the judge or court commissioner assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least 5 days before that date. If directed to the trial of a cause where there is a master calendar, the motion shall be made to the judge supervising the master calendar not later than the time the cause is assigned for trial. In no event shall any judge or court commissioner entertain such motion if it be made after the drawing of the name of the first juror, or if there be no jury, after the making of an opening statement by counsel for plaintiff, or if there be no

section 170, subdivision 5 as his authority. (All references to section 170.5, 170.6, and 170 subdivision 5, are references to sections of the California Code of Civil Procedure.)

such statement, then after swearing in the first witness or the giving of any evidence or after trial of the cause has otherwise commenced. If the motion is directed to a hearing (other than the trial of a cause), the motion must be made not later than the commencement of the hearing. In the case of trials or hearings not herein specifically provided for, the procedure herein specified shall be followed as nearly as may be. The fact that a judge or court commissioner has presided at or acted in connection with a pretrial conference or other hearing, proceeding or motion prior to trial and not involving a determination of contested fact issues relating to the merits shall not preclude the later making of the motion provided for herein at the time and in the manner hereinbefore provided."

■ After trial proceedings have begun (e.g., by drawing name of first juror, or after making of opening statement by counsel for plaintiff), the judge is precluded by the wording of section 170.6 from entertaining any such motion under 170.6. If the motion is made at a hearing, the hearing must be within the scope of pretrial proceedings or at least not the continuation of trial-like proceedings at which appellant previously could have exercised his peremptory challenge. In addition, there must not have been a determination of a contested issue of fact at a prior, pretrial hearing. (*Swartzman* v. *Superior Court*, 231 Cal.App.2d 195 [41 Cal.Rptr. 721].)

The instant case has been compared with *Fraijo* v. *Superior Court*, 34 Cal.App.3d 222 [109 Cal.Rptr. 909], in which this court issued a writ of mandate ordering the trial court to allow a 170.6 motion made after a plea bargain had been accepted and rejected. *Fraijo* is factually distinguishable.

In *Fraijo*, defendant tried to disqualify the trial court judge after four or five months of continuously alternating his position between pleas of not guilty and plea bargaining to plead guilty on one count, all *before* the time of formal trial proceedings and sentencing. The judge finally withdrew his support from the plea bargaining, set aside appellant Fraijo's pleas of guilty, entered not guilty pleas for Fraijo and set the matter for trial.

All the plea bargaining activities in *Fraijo* were therefore "prior to trial." This court issued a peremptory writ of mandate holding that appellant Fraijo was entitled to his pretrial motion and that the trial court's tentative acceptance and later rejection of the plea bargain did not constitute a determination of contested fact issues:

"A plea bargain is concerned only with the sentence to be imposed in exchange for defendant's plea of guilty which plea admits all of the facts necessary to establish guilt. Sentencing is addressed to the discretion of the trial judge and involves an evaluation of the circumstances surrounding the offense. Such an evaluation is not a determination of a factual issue on the merits as envisioned by section 170.6. A judge's evaluation of admitted facts, to determine whether to refuse or accept a proposed plea bargain, does not involve a fact finding function in respect of an issue to be tried." (*Fraijo* v. *Superior Court, supra* at p. 225.)

Appellant herein did not make any motion under this section prior to the time the court accepted his plea bargain, dismissed count II, suspended criminal proceedings, and placed appellant on probation. Although appellant did not have a full trial on the facts and issues in the criminal complaints, his plea bargain covered the same span of the judicial process.[2] The plea bargain in the instant case was not, as it turned out to be in *Fraijo*, a pretrial motion. Appellant here cannot now file a motion under section 170.6. That section is intended to be used only for peremptory disqualification of a judge prior to trial or prior to a hearing that is not a mere continuation of proceedings at which appellant could have exercised a peremptory challenge.

This hearing on the revocation of probation cannot be considered separate from the original plea bargain proceedings. The revocation of probation is a continuation of the plea bargain proceeding with its sentencing and placing appellant on probation. The 170.6 motion could have been made prior to the plea bargain. It is untimely if made after a plea of guilty and a grant of probation even though prior to the revocation of probation hearing.[3] (See, e.g., *People* v. *Rojas,* 216 Cal.App.2d 819 [31 Cal.Rptr. 417].)

The trial court did not err in denying appellant's motion under section 170.6. Since we hold the motion under Code of Civil Procedure section 170.6 is not timely, it is unnecessary to consider appellant's second and third contentions.

---

[2]Appellant could have elected to plead not guilty and receive a full trial, with jury, instead of the plea bargaining. The fact that he elected the avenue of plea bargaining should not be allowed to place him in a "pretrial" position now, long after sentencing and imposition of probation.

[3]The probation hearing, as a continuation of the original proceedings, is not "a hearing (other than a trial)" under section 170.6. If it were, the motion would be timely since "made not later than the commencement of the hearing."

2. ■ *The trial court did not abuse its discretion by failing to refer appellant to the California Rehabilitation Center.*

Appellant contends that because his probation officer recommended he be sent to the California Rehabilitation Center the trial court erred in sending him to state prison. Initially, we note that the probation officer's recommendation was far from emphatic. "[M]y recommendation would be for commitment to the California Rehabilitation Center at Corona, despite many misgivings about that program." "There is some question as to his eligibility for that particular program, because of his record of violence, and . . . there was a great question as to the effectiveness of that program, but it was felt that perhaps it might be a good program for this particular man."

We also note that the Welfare and Institutions Code section 3052 makes such treatment inapplicable to appellant; it states that section 3051, providing for such commitment, "shall not apply to persons convicted of, or who have been previously convicted of . . . a violation of section 245 . . . of the Penal Code [or] any felonies involving bodily harm or attempt to inflict bodily harm." Section 3051 does, however, allow the judge to order an investigation of facts relevant to commitment even in such cases and provides "In unusual cases, wherein the interest of justice would best be served, the judge may, with the concurrence of the district attorney and defendant, order commitment notwithstanding section 3052." Appellant has not shown that this is such an "unusual case." The trial court properly chose not to exercise the discretion allowed under section 3051.

The judgment (order revoking probation) is affirmed.

Roth, P. J., and Fleming, J., concurred.