Opinion
 

 SCOTT, Acting P. J.
 

 On March 26, 1976, Municipal Court Judge Thomas P. Curtin of the West Judicial District, County of Contra Costa approved a plea bargain reducing to misdemeanors felony charges against William Smith of violating Penal Code section 273d (wife and child abuse) and Penal Code section 245, subdivision (a) (assault with a deadly weapon). After appellant’s guilty plea, Judge Curtin referred the matter to the probation department for a presentencing report, and continued the matter for sentencing to May 3, 1976. Pending sentencing, appellant was ordered not to have any contact with the victims of the crimes without their consent. On the date set for sentencing, appellant’s request for a continuance was granted in order to give him an opportunity to present evidence at a sentencing hearing, which was set for May 21, 1976.
 

 On May 13, 1976, appellant filed an affidavit of prejudice, seeking to disqualify Judge Curtin pursuant to Code of Civil Procedure section 170.6. On the date set for sentencing, Judge Curtin denied appellant’s challenge as untimely. Appellant’s petition for writ of mandate was denied, We agree that the attempt to disqualify Judge Curtin was untimely.
 

 The tendering of a guilty plea pursuant to a plea bargain, followed by acceptance of the plea by the judge, is the functional equivalent of a trial under Code of Civil Procedure section 170.6. Therefore, to be timely, a motion to disqualify must be made before the plea bargain is approved by the judge.
 
 (People
 
 v.
 
 Barnfield
 
 (1975) 52 Cal.App.3d 210 [123 Cal.Rptr. 859].) Appellant attempts to distinguish
 
 Barnfield
 
 in that there the section 170.6 motion was made after sentence, while here the motion was made before sentence. However, a hearing on a probation report and sentence following the
 
 *154
 
 trial of the cause is a part and continuation of the original criminal action. It is not a separate proceeding or hearing within the meaning of Code of Civil Procedure section 170.6.
 
 (Solberg
 
 v.
 
 Superior Court
 
 (1977) 19 Cal.3d 182, 197-198 [137 Cal.Rptr. 460, 561 P.2d 1148];
 
 People
 
 v.
 
 Keller
 
 (1966) 245 Cal.App.2d 711, 713 [54 Cal.Rptr. 154]; see also
 
 Jacobs
 
 v.
 
 Superior Court
 
 (1959) 53 Cal.2d 187, 190-191 [1 Cal.Rptr. 9, 347 P.2d 9];
 
 People
 
 v.
 
 Rojas
 
 (1963) 216 Cal.App.2d 819, 824 [31 Cal.Rptr. 417].) The same principle applies where a guilty plea entered upon a plea bargain is followed by a probation and sentence hearing, inasmuch as a guilty plea, once accepted by the court, is the equivalent of a verdict of a jury, constitutes a conviction, and leaves nothing to be done but pronouncement of judgment and imposition of punishment.
 
 (In re Williams (1969)
 
 1 Cal.3d 168, 175 [81 Cal.Rptr. 784, 460 P.2d 984].)
 

 Fraijo
 
 v.
 
 Superior Court
 
 (1973) 34 Cal.App.3d 222 [109 Cal.Rptr. 909], relied upon by appellant, is distinguishable in that in
 
 Fraijo
 
 the court withdrew approval of the plea bargain, thereby making the plea bargain activities a pretrial process. Hence, the judge who participated therein could be disqualified pursuant to Code of Civil Procedure section 170.6. Here, as in
 
 Barnfield,
 
 the plea bargain was approved after the trial-like process had commenced, thereby making a subsequent attempt to disqualify the judge untimely.
 

 Judgment is affirmed.
 

 Racanelli, J„
 
 *
 
 and Emerson, J.,
 
 †
 
 concurred.
 

 *
 

 Assigned by the Chairperson of the judicial Council.
 

 †
 

 Retired judge of the superior court sitting under assignment by the Acting Chairman of the Judicial Council.