**Bo Robbins SMITH, Appellant (Defendant),**

v.

**STATE of Wyoming, Appellee (Plaintiff).**

**No. 5114.**

Supreme Court of Wyoming.

Aug. 27, 1979.

Stephen R. Johnson, Asst. Public Defender, Sheridan, signed the briefs and appeared in oral argument on behalf of the appellant.

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., and Berry F. Laws, III, Legal Intern, signed the brief on behalf of appellee and Mr. Laws, III, appeared in oral argument. Also present at oral argument was Richard S. Rideout, Asst. Atty. Gen.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

RAPER, Chief Justice.

The only issue presented in this appeal is whether a probationer is entitled to peremptorily disqualify the sentencing district court judge from presiding at a probation revocation hearing under Rule 23(d), W.R. Cr.P.[1]

The appellant-defendant was charged by information filed June 1, 1978, with violations of § 6–7–301, W.S.1977 (grand larceny of an automobile), and § 6–10–105, W.S. 1977 (willful injury to or destruction of property; series of injuries from single course of conduct). Appellant pleaded guilty to the latter charge and judgment and sentence was entered against him on June 14, 1978. He was sentenced to serve a one-year term in the Sheridan County jail and to make restitution to those injured of $1,782.31. Six months of the jail sentence was suspended and appellant was placed on probation subject to certain terms and conditions. Appellant moved for reduction of sentence after making restitution; the motion was denied. He also filed a motion asking the district court to place him on work release so that he could help his mother with ranch work; it was granted.[2]

---

1. Rule 23(d), supra:
   "(d) The state or the defendant may peremptorily disqualify a district judge by filing a motion for change of judge. Such motion shall be filed at least fifteen (15) days before the date set for the hearing on any motion filed pursuant to Rule 16, W.R.Cr.P., or if there be no such motion hearing set, at least fifteen (15) days before the date set for pretrial, and if there be no pretrial set, then at least fifteen (15) days before the date set for trial, or if the date is set within fifteen (15) days after the order of setting, within five (5) days after receipt of such order; provided, however, that no more than one (1) such motion shall be filed by the state or by any defendant. After the filing of such motion for change of judge, the presiding judge shall immediately call in another district judge to try the action."

2. The motion and order referred to the probationary status as "work release." "Work release" is statutorily defined as a program for penitentiary inmates. Section 7–13–718(a)(v), W.S.1977. We do not here, by implication, extend the provisions of the statutory work release program beyond that enacted by the legislature. The trial judge does have authority under separate legislation, §§ 7–13–501, et seq., W.S.1977, to, in its discretion, order part of a jail sentence to be confinement "with parole" during hours of employment. The term "parole" as used by the legislature may not be

On February 5, 1979, the Sheridan County Attorney moved to revoke probation. That motion recited violations of the conditions and terms of appellant's probation. The violations alleged were: (1) unlawful entry into a locked or sealed building or vehicle, § 6–10–103, W.S.1977; and (2) unlawfully attempting to act as an officer, § 7–2–106, W.S.1977. On February 6, 1979, the district court entered an order to show cause why appellant's probation should not be revoked and sentence imposed. On February 13, 1979, the appellant submitted to the district court a motion for a change of judge pursuant to Rule 23(d), W.R.Cr.P. This motion was denied by the district court by order filed February 14, 1979. The order stated:

" * * * [T]he Court having considered the matter finds that there is no provision for peremptorily disqualifying a Judge in a probation revocation hearing * * *."

The revocation proceeding was heard according to schedule by the district court on February 16, 1979, and at the conclusion of that hearing the district court, on February 28, 1979, ordered appellant's probation revoked and that he serve the remaining six months of his sentence in the Sheridan County jail.

Appellant appeals from the order revoking his probation and asserts that the trial court erred in finding that there is no provision in the W.R.Cr.P. for peremptorily disqualifying a district court judge in a probation revocation hearing, that "fairness" demands that a probationer have such a right, and that this court, in fairness, should not consider the issue raised by the State regarding the timeliness of the motion because that was not addressed in the district court.

We will affirm.

Appellant's argument is apparently grounded solely in his subjective view of what is "fair." He maintains that in fairness a probationer should be able to disqualify a district court judge under Rule 23(d) to conduct probation revocation hearing and make any order in that connection; and, further in fairness, this court should not consider as an issue the timeliness of the motion since this was not addressed in the district court. Appellant presents neither authority nor cogent argument to persuade us that his concept of fairness should prevail. The authorities we reviewed convince us quite to the contrary.

The sentencing judge has continuing jurisdiction over a probationer and inherent power to revoke probation granted. *Knobel v. State*, Wyo.1978, 576 P.2d 941, 943; *State v. Reisch*, Wyo.1971, 491 P.2d 1254, 1255; § 7–13–304, W.S.1977.[3]

A brief review of what probation is may be helpful in explaining the reason for continuing jurisdiction over a probationer. " * * * '[P]robation' means a sentence not involving confinement which imposes conditions and *retains authority in the sentencing court* to modify the conditions of the sentence or to resentence the offender if he violates the conditions. * * * "

technically correct. The basic difference between "probation" and "parole" is that probation *relates to judicial action* whereas parole relates to executive action, as authorized by statute. *State v. Wright*, Iowa 1972, 202 N.W.2d 72, 76, 56 A.L.R.3d 916; *State v. Hewett*, 1967, 270 N.C. 348, 154 S.E.2d 476, 479. We consider that appellant was placed on probation, regardless of the nomenclature, on specific conditions, which included part-time imprisonment.

3. Section 7–13–304, W.S.1977:
"The period of probation or suspension of trial or sentence and the conditions thereof shall be determined by the court and may be continued or extended. Upon the satisfactory fulfillment of the conditions of suspension of trial or sentence or probation the court shall by order duly entered discharge the defendant. At any time during the period of suspension of trial or sentence or probation, the court may issue a warrant and cause the defendant to be arrested for violating any of the conditions of probation or suspension of trial or sentence. As soon as practicable after the arrest the court shall cause the defendant to be brought before it and may proceed to deal with the case *as if no suspension of trial or sentence or probation had been ordered.*" (Emphasis added.)

(Emphasis added.) 1.1(b), ABA Standards Relating to the Administration of Justice, Probation. A trial judge's sentencing duties in a particular case are not over and a criminal case wherein probation is granted not closed until a defendant has satisfactorily served his probationary period or his probation revoked. See *Hicklin v. State*, Wyo.1975, 535 P.2d 743, 753, 79 A.L.R.3d 1050, wherein it is explained that probation is a form of grace intended to be a reforming discipline.

While the statute, § 7–13–304, supra footnote 3, speaks in terms of "the court," probation is a matter over which the sentencing judge takes a personal hand. His decision is one that he has made upon the basis of his own judgment of the defendant's potential. He has retained control over the defendant's conduct because of an intimate acquaintance with defendant as a person gained through his own observation in the courtroom and a special study of his background. No one is in a better position than the sentencing judge to accomplish the objects of probation and keep track of its progress. The supervision of probation, through his probation officers, is one of the most important duties performed by the trial judge. It is one of his functions in which he cannot be completely impersonal. So there are compelling reasons for the particular judge allowing probation to trace and retain an individual concern over each defendant in whom he has placed his confidence. We find nothing in Rule 23(d) indicating any authority to disqualify a trial judge from fully winding up a case once the time periods prescribed by the rule for a peremptory challenge have passed; and that is the view of other courts, as well.

The probation revocation proceeding of February, 1979, was only a continuation of the guilty-plea proceedings held in June, 1978. *People v. Reese*, 1976, 37 Ill.App.3d 820, 347 N.E.2d 451, 455; *People v. Barnfield*, 1975, 52 Cal.App.3d 210, 123 Cal.Rptr. 859, 861; See, *Smith v. Municipal Court of West Judicial District, County of Contra Costa*, 1977, 71 Cal.App.3d 151, 139 Cal. Rptr. 121, 122–123; and see generally West's Digest System, Criminal Law, ▮▮▮▮▮ et seq.; 24 C.J.S. Criminal Law § 1618(11). Rule 23(d), W.R.Cr.P., is intended to be used only prior to trial in accordance with the time frames specified in the rule. *People v. Reese*, supra, 347 N.E.2d at 455; *People v. Barnfield*, supra, 123 Cal.Rptr. at 861–862. There was no trial here, but the entry of a plea of guilty serves the same function—a determination of guilt comparable to a verdict finding guilt and substitutes for a trial. Although the procedural rules discussed in the cited cases are not identical to our Rule 23(d), they are similar and clearly designed to serve the same purpose.

We consider the district court's denial of the motion on the basis that there is no provision for the disqualification of a district court judge to carry on a probation revocation hearing, to be tantamount to a finding that such a motion could not be filed at the time it was. This for the reason that Rule 23(d) contemplates such motion only prior to trial or its equivalent such as a guilty-plea proceeding. *People v. Childerson*, 1975, 28 Ill.App.3d 345, 328 N.E.2d 638, 641; *State v. Burke*, 1965, 28 Wis.2d 170, 136 N.W.2d 297, 300, fn. 5. We hold that the district court properly denied appellant's motion to peremptorily disqualify him.

Affirmed.