Becky HEWITT, Appellant (Defendant),

v.

STATE of Wyoming, Appellee (Plaintiff).

No. 92–1.

Supreme Court of Wyoming.

July 28, 1992.

Leonard D. Munker, State Public Defender, Gerald M. Gallivan, Director, Defender Aid Program, and Bradley D. Bonner, Student Intern, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., Barbara L. Boyer, Sr. Asst. Atty. Gen., Theodore E. Lauer, Director, Prosecution Assistance Program, and Joseph A. Rodriguez, Student Intern, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT,* and GOLDEN, JJ.

URBIGKIT, Justice.

Following revocation of probation for the use of alcohol, appellant, Becky Hewitt (Hewitt), appeals, challenging the trial court's degree of retained control of probation revocation.

We affirm.

Hewitt states for her appellate issue:

I. Whether the directive by the trial court judge requiring officers of the Wyoming Department of Probation and Parole to report and seek revocation for every violation of the court's probation order violates the separation of powers doctrine of Article 2, Section 1 of the Wyoming Constitution.

A comprehensive analysis of the Wyoming law of parole and probation revocation has recently been provided in this court's decision in *Wlodarczyk v. State*, 836 P.2d 279 (Wyo.1992). Judicial revocation was utilized for the court decision under W.R.Cr.P. 33 (now W.R.Cr.P. 39, effective March 24, 1992). Application of the statutory provisions of Wyo.Stat. § 7–13–408 (1987) is not directly presented. *See Wlodarczyk*, 836 P.2d at 288 n. 10. *See also Weisser v. State*, 600 P.2d 1320 (Wyo. 1979) and *Knobel v. State*, 576 P.2d 941 (Wyo.1978).

Hewitt was charged with multi-count, dual complaint forgery offenses. In technical terms, within the vernacular, this was not paper hanging—overwriting one's own account—this was forgery of checks on other person's accounts. A plea bargain was struck, to be followed by a 1988 sentence of one to five years on four separate counts with the sentences to run consecutively in requiring incarceration at the Wy-

* Chief Justice at time of oral argument.

oming Women's Center. On May 10, 1990, Hewitt was released from confinement and placed on five years probation by order of the trial court.

Unfortunately, on October 1, 1991, Hewitt, during a random screening, tested positive for the use of alcohol—a forbidden probation condition. As a result, her probation was revoked and she was re-sentenced to five days in the county jail followed by resumed probation.[1]

■ The genus of this appeal is a contention of Hewitt that the trial court maintains undue control over probation officers who provide day-to-day probationary supervision. Specifically, it is claimed the probation officer cannot exercise discretion to determine whether or not to pursue revocation since all violations must be reported to the county attorney when established and that, as a matter of course, the county attorney will then be expected to file a revocation request. In briefing, Hewitt does not directly challenge a retained discretion of the county attorney to withhold action, but rather addresses the denial of discretion to the probation officer when violations of probationary terms may occur.

Our answer in affirming the revocation process is provided by understanding the differentiated nature of probation and parole. As we carefully explained in *Wlodarczyk*, parole is an executive agency function, incident to confinement following sentence. Probation is a judicial function within which the probation and parole agents provide supervisory assistance to the judiciary. Consequently, a differentiated status of the probation officer's activities does exist. In probation, they are providing supervisory assistance and services to the trial court. In parole, they are acting as agents within the state parole office and responsive to the Wyoming State Parole Board where final decision is made subject only to judicial review. *Pisano v. Shillinger*, 835 P.2d 1136 (Wyo.1992). *See*

*also Avery v. State*, 616 P.2d 872 (Alaska 1980).

The concern expressed by Hewitt about invasion of the constitutional separation of powers, Wyo.Const. art. 2, § 1; *Billis v. State*, 800 P.2d 401 (Wyo.1990), lacks substance in this case where probation revocation exists as a judicial function within the directives established by the Wyoming Supreme Court through adoption of W.R.Cr.P. 33 (now W.R.Cr.P. 39).

The process followed in this case under the criminal rule is not adequately challenged to provide any issue for adverse decision on appeal. Furthermore, a factual basis for the revocation order entered, constituting a discretionary responsibility of the trial court, is appropriately documented by the admitted drinking of Hewitt. *Swackhammer v. State*, 808 P.2d 219 (Wyo.1991); *Schmidt v. State*, 738 P.2d 1105 (Wyo.1987); *Smith v. State*, 598 P.2d 1389 (Wyo.1979). The trial court suitably recognized in hearing comment that a factor of public interest is involved in the judicial responsibility for conduct of persons put on probation and their continuing supervision:

Without public confidence, probation can't exist as a viable method of dealing with criminal defendants. So my goal from the outset is to make probation credible to the public at large, and more particularly to people who are involved in the process, and most particularly to the probationers who are expected to abide by probation terms.

The record does not provide evidence of judicial usurpation of the prosecuting attorney's discretion. *Petition of Padget*, 678 P.2d 870 (Wyo.1984). Persuasion, perhaps, but certainly no evidence of usurpation was established. The trial court said:

I have requested, but not required, the county and prosecuting attorney to bring those actions back before the Court. And I can't think of any instance where I've ever ordered a prosecuting attorney to do that, and I'm not sure I have the

---

1. It is obvious that the trial court, in exercising an abundance of concern about stopping something before it got out of hand, used this proceeding as a warning and not as serious punishment. Considering the possibilities for re-confinement sentencing available to the trial court, the five day jail time was clearly a "sent message."

authority to order them to do it. That's not at issue here.

I think the evidence was clear there was lack of any evidence to indicate that the county and prosecuting attorney failed to exercise his own discretion in deciding to bring this matter back before the Court. And also want to make the point that the policy is that violations of the court's order, only those things that are specifically spelled out in the court's probation order, are the only things which I want the probation officers to report to the Court and county prosecuting attorney.

■ This court has determined in a broad course of decisions that probation is entirely a judicial function. *Wlodarczyk,* 836 P.2d 279 (1992); *Weisser,* 600 P.2d 1320; *Knobel,* 576 P.2d 941. This court has neither assigned control in management of the individuals within the system to the cooperative executive agency through the probation officers nor do we assume, in appellate function, to undertake the responsibility to confine the trial court's exercise of general discretion under the circumstances. *State v. Reisch,* 491 P.2d 1254 (Wyo.1971). A request of the trial court that the assigned probation officer report violations of the court order to the prosecuting attorney neither constitutes an abuse of judicial discretion nor intrudes into a separation of powers function of the executive agency. *State ex rel. Henderson v. Burdick,* 4 Wyo. 272, 33 P. 125 (1893). *Cf. Billis,* 800 P.2d 401 and *State ex rel. Motor Vehicle Div. v. Holtz,* 674 P.2d 732 (Wyo.1983).

It can be fairly said that the apparent hope of Hewitt that she would have a right to call upon exercised discretion of someone else in order to foreclose her required trip to the courthouse door is not legally supportable nor adjudicatorially provident. We decline to introduce substance by reorganization of the justice delivery system to provide justification for that hope.

Affirmed.