Filed 3/15/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| EDDIE GOMEZ, JR., | |
| Petitioner, | |
| v. | G062526 |
| THE SUPERIOR COURT OF ORANGE COUNTY, | (Super. Ct. No. 17NF0939) |
| Respondent; | O P I N I O N |
| THE PEOPLE, | |
| Real Party in Interest. | |

Original proceedings; petition for a writ of mandate to challenge an order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Petition denied.

Martin Schwarz, Public Defender, Adam Vining, Assistant Public Defender, and Alexander Bartel, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Alan L. Amann, Deputy Attorneys General, for Real Party in Interest.

Eddie Gomez, Jr., filed a petition for writ of mandate challenging the trial judge's denial of his Code of Civil Procedure section 170.6 (section 170.6) motion. Gomez argues the trial judge, Jonathan S. Fish, erred by denying his peremptory challenge because the motion was timely and proper to disqualify Judge Kimberly Menninger from considering his Penal Code section 1172.6[1] (section 1172.6) petition. Because we conclude the peremptory challenge was untimely, we need not consider Gomez's other contention. We deny the petition.

FACTS

An information charged Gomez and his co-defendant with two counts of premeditated attempted murder (Pen. Code, §§ 664, subd. (a), 187, subd. (a)), one count of street terrorism (Pen. Code, § 186.22, subd. (a)), and various enhancements. Gomez appeared for his arraignment in department C5 before Judge Menninger. He pleaded guilty to one count of attempted murder and two enhancements. In his written factual basis for the plea, Gomez admitted that acting with the intent to kill and on behalf of a criminal street gang, he tried to kill the victim with a firearm. Pursuant to the plea agreement, Judge Menninger dismissed the remaining counts and enhancements and sentenced Gomez to 11 years in prison.

Gomez filed a petition for resentencing pursuant to section 1172.6. Later, Gomez filed a peremptory challenge seeking to disqualify Judge Menninger from ruling on his resentencing petition (§ 170.6).

---

[1]     Effective June 30, 2022, the Legislature renumbered Penal Code section 1170.95 to section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.) For purposes of clarity, we refer to the statute as section 1172.6 throughout the opinion.

2

Judge Fish denied the peremptory challenge, explaining, "The motion is untimely as Judge Menninger was the sentencing judge in a calendar court; and [section] 1172.6[, subdivision] (b)(1) requires the sentencing judge to resentence."

Gomez filed a petition for writ of mandate in this court. We denied the petition. Gomez filed a petition for review with the California Supreme Court. That court granted review and transferred the matter to this court with instructions to vacate our order denying the petition and issue an order to show cause. (*Gomez v. Superior Court,* rev. granted July 12, 2023, S279842.) We vacated our prior order denying Gomez's petition for a writ of mandate and issued an order to show cause. The Attorney General filed a return, and Gomez filed a traverse.

DISCUSSION

Section 1172.6, subdivision (a), provides a postjudgment procedure for individuals convicted of murder, attempted murder, or manslaughter who could no longer be convicted of those crimes to retroactively seek resentencing relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) A person must file a petition for resentencing "with the *court* that sentenced the petitioner." (§ 1172.6, subds. (a), (b)(1), italics added.) Section 1172.6, subdivision (b)(1), provides, "If the *judge* that originally sentenced the petitioner is not available to resentence the petitioner, the presiding judge shall designate another judge to rule on the petition." (Italics added.) Courts have referred to this provision as the "'same judge rule'" and interpreted it to mean the same judge who sentenced the petitioner must preside over the resentencing proceedings, unless that judge is unavailable. (*Torres v. Superior Court* (2023) 94 Cal.App.5th 497, 517 (*Torres*); *Estrada v. Superior Court* (2023) 93 Cal.App.5th 915, 922; *People v. Santos* (2020) 53 Cal.App.5th 467, 472.)

This is consistent with the general rule that when a sentencing error mandates reversal in criminal matters, we routinely remand those cases for resentencing to the same trial judge who imposed the original sentence. (*Peracchi v. Superior Court*

3

(2003) 30 Cal.4th 1245, 1254, 1256, 1261 (*Peracchi*).) It is also consistent with recent resentencing legislation for certain drug-and theft-related offenses. (Pen. Code, § 1170.18, subd. (k) ["If the court that originally sentenced the petitioner is not available, the presiding judge shall designate another judge to rule on the petition or application"].) Additionally, "in some cases, an express or implied term of a plea agreement may dictate that resentencing take place before the judge who accepted the plea. [Citation.]" (*Peracchi, supra*, 30 Cal.4th at p. 1254.)

Section 170.6, subdivision (a)(1), states in relevant part that "a judge . . . shall not try a civil or criminal action or special proceeding of any kind or character nor hear any matter therein that involves a contested issue of law or fact when it is established as provided in this section that the judge . . . is prejudiced against a party or attorney or the interest of a party or attorney appearing in the action or proceeding." Section 170.6, subdivision (a)(2), permits the disqualification of a judge based upon the mere belief of a litigant in a sworn statement that he cannot have a fair trial before the assigned judge. "When a litigant has met the requirements of section 170.6, disqualification of the judge is *mandatory*, without any requirement of proof of facts showing that the judge is *actually* prejudiced. [Citations.]" (*Maas v. Superior Court* (2016) 1 Cal.5th 962, 972 (*Maas*), first italics added.) A litigant may file a section 170.6 motion in a postjudgment proceeding. (*Maas, supra*, 1 Cal.5th at p. 975 [habeas petition].)

We review de novo a trial court's denial of a peremptory challenge under section 170.6. (*Bontilao v. Superior Court* (2019) 37 Cal.App.5th 980, 987-988.) "Because the trial court exercises no discretion when considering a section 170.6 motion, it is 'appropriate to review a decision granting or denying a peremptory challenge under section 170.6 as an error of law.' [Citation.]" (*Ibid.*)

Section 170.6, subdivision (a)(2), states a peremptory challenge may be made at any time before trial or hearing begins, but provides three exceptions that require

earlier filing (the 10-day/5-day rule, the "master calendar" rule, or the "all purpose assignment" rule).  That subdivision provides the following:  "If the motion is directed to a hearing, other than the trial of a cause, the motion shall be made not later than the commencement of the hearing. . . .  The fact that a judge, court commissioner, or referee has presided at, or acted in connection with, a pretrial conference or other hearing, proceeding, or motion prior to trial, and not involving a determination of contested fact issues relating to the merits, shall not preclude the later making of the motion provided for in this paragraph at the time and in the manner herein provided."  (§ 170.6, subd. (a)(2).)

In the plea context, "Where sentencing is conducted by the same judge who accepts the plea, a motion to disqualify must be made before the plea bargain is accepted—otherwise the motion is untimely."  (*Lyons v. Superior Court* (1977) 73 Cal.App.3d 625, 628 (*Lyons*); *People v. Byron B.* (1979) 98 Cal.App.3d 330, 336-337 [peremptory challenge untimely after judge accepts plea]; *Smith v. Municipal Court* (1977) 71 Cal.App.3d 151, 153 (*Smith*) [same]; see *People v. Barnfield* (1975) 52 Cal.App.3d 210, 215 (*Barnfield*).)

Gomez did not peremptorily challenge Judge Menninger before she accepted his guilty plea.  Thus, Gomez's peremptory challenge at issue here was untimely.  Nonetheless, Gomez argues a section 1172.6 petition is a special proceeding where he may peremptorily challenge the trial judge.  *Maas* is instructive.

In *Maas*, our Supreme Court addressed the issue of whether a party may peremptorily challenge the judge assigned to assess and rule on a petition for writ of habeas corpus at the initial stage of the process before an order to show cause has been issued.  (*Maas, supra*, 1 Cal.5th at p. 970.)  Explaining a party may file a peremptory challenge in an "action" or "special proceeding" (§ 170.6, subd. (a)(1)), and noting the statute did not define them, the court found guidance in other provisions of the Code of Civil Procedure.  (*Maas, supra*, 1 Cal.5th at p. 975.)  From those provisions, the court

5

reasoned a habeas corpus proceeding is not a criminal action but instead "an independent, collateral challenge to an earlier, completed criminal prosecution." (*Ibid.*) The court thus concluded a habeas corpus proceeding is a "special proceeding" where at the prima facie stage the judge decides questions of law. (*Id.* at pp. 975-977.)

The *Mass* court explained there are limitations on a party's right to peremptorily challenge a trial judge. (*Maas, supra*, 1 Cal.5th at pp. 978-979.) In addition to the procedural requirements, i.e., duly presented motion and filed statement of prejudice, timely, and one motion per side, the court stated that case law has established other limitations. (*Ibid.*) The court specified one of those limitations. "In some situations, that is, when a second action or special proceeding 'involves "substantially the same issues"' and '"matters necessarily relevant and material to the issues"' in the original case, the second action or proceeding is considered a continuation of the earlier action or proceeding for purposes of section 170.6. [Citation.] When the second action or proceeding that is considered to be a continuation of the earlier action or proceeding is assigned to the same trial judge who presided over the earlier action, the litigants are not permitted to exercise a peremptory challenge against that judge: Such a motion is untimely, because it was not made before commencement of the earlier trial. The reason for this further limitation on the right to peremptorily challenge a judge under section 170.6 is to prevent a litigant from disqualifying the judge most familiar with the facts of the case in the hopes of obtaining a more favorable result. [Citation.]" (*Maas, supra*, 1 Cal.5th at p. 979.)

The *Maas* court held the following: "When the judge assigned to examine and rule on the habeas corpus petition is the same judge who presided at the petitioner's criminal trial, 'there is no judge better suited for making a determination of the issues raised in [the] petitioner's petition' [citation], and the petitioner is not permitted at that point to mount a peremptory challenge under section 170.6. However, when the assigned judge had no involvement in the petitioner's criminal action, denying the petitioner the

6

right to peremptorily challenge a judge he or she believes is prejudiced would be contrary to the intent and purpose of section 170.6." (*Maas, supra*, 1 Cal.5th at pp. 980-981.)

Section 170.6 authorizes a peremptory challenge in a special proceeding. The *Maas* court stated a habeas corpus proceeding is "an independent, collateral challenge to an earlier, completed criminal prosecution." (*Maas, supra*, 1 Cal.5th at p. 975.) In *People v. Delgadillo* (2022) 14 Cal.5th 216, 227, our Supreme Court described section 1172.6 petitions as "'collateral postconviction proceedings.'"

*Maas* and *Delgadillo* thus teach that a section 1172.6 proceeding is a special proceeding for purposes of section 170.6. Whether a petitioner may file a section 170.6 peremptory challenge turns on whether the section 1172.6 proceeding is a continuation of the earlier action or proceeding, in this case the plea hearing. We conclude the section 1172.6 proceeding was a continuation of the plea hearing.

A special proceeding is a continuation of the earlier action or proceeding when it "'involve[d] "substantially the same issues"'" and "'"matters necessarily relevant and material to the issues"'" (*Maas, supra*, 1 Cal.5th at p. 979), and "involv[ed] a determination of contested fact issues relating to the merits" (§ 170.6, subd. (a)(2); *Maas, supra*, 1 Cal.5th at p. 982). If these requirements are satisfied and the special proceeding is a continuation, a peremptory challenge is untimely because it was not made before commencement of the earlier action or proceeding. (*Maas, supra*, 1 Cal.5th at p. 979.)

Contrary to Gomez's assertion, a section 1172.6 proceeding is a continuation of the underlying criminal proceeding. The two proceedings are inextricably intertwined. At the prima facie stage of a section 1172.6 proceeding, the trial judge's determination of whether the petitioner is entitled to an order to show cause and an evidentiary hearing is determined by exclusive reference to the petitioner's record of conviction. (*People v. Lewis* (2021) 11 Cal.5th 952, 971-972 [when conviction based on theory of liability that remains valid under current law, petitioner is ineligible for relief as a matter of law].) When a trial judge issues an order to show cause, the

7

proceedings remain intertwined because the scope of the hearing is limited to the issues made relevant by the changes to the law effected by Senate Bill No. 1437 (2017-2018 Reg. Sess.). (*Lewis, supra,* 11 Cal.5th at p. 960.) Although the prosecution bears the burden of proof beyond a reasonable doubt (§ 1172.6, subd. (d)(3)), a section 1172.6, subdivision (d)(3), evidentiary hearing expressly does not require all testimony to be produced anew. Rather, the court "may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed." (§ 1172.6, subd. (d)(3).) The section 1172.6 hearing involves substantially the same issues and a determination of contested fact issues relating to the merits of the underlying criminal action.

Finally, although the trial judge is required to act as an independent fact finder after issuance of an order to show cause (*People v. Garrison* (2021) 73 Cal.App.5th 735, 745), the court's factual determinations will often be resolved in light of what occurred in the underlying proceeding as interpreted in light of the amended law of murder. Ultimately, "'[t]he retroactive relief provided by [section 1172.6] is a legislative "act of lenity" intended to give defendants serving otherwise final sentences the benefit of ameliorative changes to applicable criminal laws and does not result in a new trial or increased punishment.' [Citations.]" (*People v. Vargas* (2022) 84 Cal.App.5th 943, 952.) The parties are not placed in the same position as if no trial had occurred. (*Ibid*.)

Relying on *Fraijo v. Superior Court* (1973) 34 Cal.App.3d 222 (*Fraijo*), and *People v. Montalvo* (1981) 117 Cal.App.3d 790 (*Montalvo*), Gomez argues that because the trial judge accepted his guilty plea and sentenced him in accordance with its terms, the underlying criminal action did "not involv[e] a determination of contested fact issues relating to the merits" (§ 170.6, subd. (a)(2)). We disagree.

"The tendering of a guilty plea pursuant to a plea bargain, followed by acceptance of the plea by the judge, is the functional equivalent of a trial under . . .

8

section 170.6." (*Smith, supra*, 71 Cal.App.3d at p. 153 [trial court's acceptance of guilty plea equivalent of jury verdict]; *People v. Byron B., supra*, 98 Cal.App.3d at pp. 336-337; see *Barnfield, supra*, 52 Cal.App.3d at p. 215 [plea bargain covers same span of judicial process].) Indeed, Penal Code section 1192.5, subdivision (c), requires the trial judge to determine whether there is a factual basis for the plea. (*North Carolina v. Alford* (1970) 400 U.S. 25, 38, fns. 10 & 11; *In re Alonzo J.* (2014) 58 Cal.4th 924, 931.) Thus, a peremptory challenge must be made before the judge approves the plea bargain to be timely. (*Smith, supra*, 71 Cal.App.3d at p. 153.)

In *Lyons*, the court discussed section 170.6 as follows: "The statutory language 'any civil or criminal action or special proceeding of any kind or character . . . which involves a contested issue of law or fact' is expansive language suggesting the Legislature intended the scope of the statute to be all encompassing. In addition, there are numerous questions of law that may have to be determined by the court in deciding whether or not to accept the plea bargain. For example, whether or not the plea was made freely and has a basis in fact [citation] or whether the public interest would be served ('The trial judge must reach an independent judgment as to whether the public interest in the effective administration of criminal justice will be served by granting the concessions' [citation]), or whether the plea, if it is not to the offense charged, is to a lesser offense reasonably related to the offense charged [citation] all potentially involve contested issues of law. [¶] While the issues may not be disputed between the prosecution and the defense, there may well be a conflict between the defense and the court over these matters. If the judge questions whether the public interest would be served by accepting the plea, there would appear to be a contested issue just as much as if the conflict was between the prosecution and the defense. The purpose of the statute, to prevent a judge who one of the parties feels may be biased from ruling on an issue, would appear to be implemented by applying the statute to these situations. [¶] Furthermore, in this, as in many plea bargains, the exact sentence to be given the defendant is left open to

9

question and there is the possibility of a contest between prosecution and defense as to what that sentence should be." (*Lyons, supra*, 73 Cal.App.3d at pp. 627-628, fn. omitted.)

We agree with the Attorney General that in this context, a plea bargain is the functional equivalent of a trial and a peremptory challenge must be made before the trial judge accepts the plea bargain to be timely. As the *Barnfield* court opined, "Appellant could have elected to plead not guilty and receive a full trial, with jury, instead of the plea bargaining. The fact that he elected the avenue of plea bargaining should not be allowed to place him in a 'pretrial' position now, long after sentencing . . . ." (*Barnfield, supra,* 52 Cal.App.3d at p. 215, fn. 2.)

In *Fraijo, supra*, 34 Cal.App.3d at pages 223-224, the trial court tentatively accepted but then withdrew defendant's plea, and defendant filed a peremptory challenge, which the court denied. The *Fraijo* court stated the issue was whether the court's "tentative acceptance and later rejection of the plea bargain constituted a 'determination of contested fact issues relating to the merits' of the case and involve[d] a construction of section 170.6 and Penal Code section 1192.5." (*Id*. at p. 224.) The court explained the following: "A plea bargain is concerned only with the sentence to be imposed in exchange for defendant's plea of guilty which plea admits all of the facts necessary to establish guilt. Sentencing is addressed to the discretion of the trial judge and involves an evaluation of the circumstances surrounding the offense. Such an evaluation is not a determination of a factual issue on the merits as envisioned by section 170.6. A judge's evaluation of admitted facts, to determine whether to refuse or accept a proposed plea bargain, does not involve a fact finding function in respect of an issue to be tried." (*Id*. at p. 225.)

In *Montalvo, supra*, 117 Cal.App.3d at page 793, defendant pleaded guilty but later withdrew it after the trial court determined it could not honor the plea bargain because of information contained in the probation report. After further discussions failed

10

to produce an agreement, defendant filed a peremptory challenge, which the court denied. (*Ibid*.)  The *Montalvo* court concluded the peremptory challenge was timely because "[i]t was made prior to the commencement of trial [citation] and after a pretrial proceeding not involving the determination of a contested fact issue relating to the merits of the case." (*Id*. at p. 796.)  The court stated the following:  "While it is true that a trial judge, in determining whether to accept or reject a proposed plea bargain, may hear conflicting versions of the facts of the case, he need make no determination of any such conflict.  His evaluation of those facts, in order to determine whether to accept a plea bargain, does not involve resolution of factual conflict." (*Ibid*.)

      *Fraijo* and *Montalvo* are inapposite.  In those cases, the trial courts withdrew the pleas and the cases were in a pretrial posture.  (*Montalvo, supra*, 117 Cal.App.3d at p. 793; *Fraijo, supra*, 34 Cal.App.3d at pp. 223-224; § 170.6, subd. (a)(2) ["The fact that a judge . . . has presided at, or acted in connection with, a . . . *hearing, proceeding, or motion prior to trial*, and not involving a determination of contested fact issues relating to the merits, shall not preclude the later making of the motion provided for in this paragraph at the time and in the manner herein provided" (italics added)].)

      Unlike the facts in *Fraijo* and *Montalvo,* here the case had been adjudicated.  Gomez did not file his peremptory challenge prior to the adjudication of his case but instead years later after filing his section 1172.6 petition.  In this context, the trial judge's acceptance of Gomez's guilty plea and her sentence were the functional equivalent of a trial.

      Citing to section 1172.6, subdivision (b)(1), Gomez claims that when a petitioner files a peremptory challenge in a section 1172.6 proceeding the trial judge is "unavailable" and the presiding judge must designate another judge to consider the petition.  Our Supreme Court rejected that assertion, albeit in a different setting.

11

In *People v. Superior Court (Jimenez)* (2002) 28 Cal.4th 798, 806 (*Jimenez*), the court held the prosecution may not render a judge unavailable to rehear a suppression motion (Pen. Code, § 1538.5) by challenging that judge under section 170.6. The *Jimenez* court held a peremptory challenge could not be used to render a judge unavailable and thereby circumvent Penal Code section 1538.5, subdivision (p)'s same judge rule.[2] (*Jimenez, supra*, 28 Cal.4th at p. 806.) The court opined the statutorily-mandated same judge rule constituted an "implied exception" to the section 170.6 right to peremptorily challenge a judge otherwise section 170.6 would "eviscerate[]" that rule. (*Id*. at pp. 807-809.)

The Third District Court of Appeal recently concluded the *Jimenez* court's rationale was not dispositive in the section 1172.6 setting. In *Torres, supra*, 94 Cal.App.5th 497, 517, the court "decline[d] to hold that the same judge requirement in section 1172.6 trumps . . . section 170.6."[3] The *Torres* court reasoned *Jimenez* is inapposite because Penal Code section 1538.5 concerned the relitigation of a suppression motion that had previously been granted, and required any such relitigation take place before the same judge who had previously granted the motion. (*Torres, supra*, 94 Cal.App.5th at p. 518.) The court concluded that because "section 1172.6 does not contemplate the 'relitigation' of a previously denied petition, let alone provide that the

---

[2]      Penal Code section 1538.5, subdivision (p), states, "Relitigation of the motion shall be heard by the same judge who granted the motion at the first hearing if the judge is available."

[3]      Several recent published cases, including *Torres*, address section 170.6, subdivision (a)(2)'s provision addressing peremptory challenges after reversal and remand. (*Garcia v. Superior Court* (2023) 92 Cal.App.5th 47; *People v. Estrada, supra*, 93 Cal.App.5th 915; *Torres, supra*, 94 Cal.App.5th 497.) We have not discussed these cases in detail because we are in a different procedural posture. Here, there was no reversal and remand.

judge who previously denied the petition must rehear it, if available," section 1172.6's same judge rule did not necessarily create an implied exception to section 170.6. (*Torres, supra*, 94 Cal.App.5th at p. 518.)

We disagree with the *Torres* court's conclusion. Although section 1172.6 does not contemplate the relitigation of a previously denied motion, section 1172.6, subdivision (b)(1), does include a same judge requirement. As the *Torres* court recognized, "Case law has interpreted [section 1172.6, subdivision (b)(1)] to require the judge who originally sentenced the petitioner to rule on the petition unless that judge is unavailable. [Citation.]" (*Torres, supra*, 94 Cal.App.5th at p. 517; *People v. Santos, supra*, 53 Cal.App.5th at p. 474 [statutory language establishes Legislature intended for same judge who sentenced petitioner to consider section 1172.6 petition].) Section 1172.6, subdivision (b)(1)'s same-judge rule restricts a section 1172.6 petitioner's right to "direct a case *away* from a particular court," which is what a peremptory challenge attempts to do. (*Jimenez, supra*, 28 Cal.4th at p. 808.) Contrary to Gomez's contention, judge shopping is a concern in the section 1172.6 setting, as demonstrated by this proceeding. We agree with the Attorney General that there is no material difference between section 1172.6, subdivision (b)(1)'s same-judge rule and that contained in Penal Code section 1538.5. Both of them constitute an implied exception to section 170.6.

Pursuant to *Maas*, when the judge assigned to examine and rule on the section 1172.6 petition is the same judge who presided at the petitioner's plea hearing, there is no judge better suited for making a determination of the issues raised in the petitioner's petition, and the petitioner is prohibited from filing a section 170.6 peremptory challenge. Indeed, as our Supreme Court stated in *Peracchi v. Superior Court, supra*, 30 Cal.4th at page 1261, "[I]t may be an implied term of a plea agreement that the judge who accepted the plea also preside at sentencing—and at any resentencing hearing." However, when the assigned judge had no involvement in the petitioner's plea

13

hearing, denying the petitioner the right to peremptorily challenge a judge he or she believes is prejudiced would be contrary to the intent and purpose of section 170.6.

Because section 1172.6 required that Judge Menninger preside over Gomez's resentencing proceeding, and because that resentencing proceeding was a continuation of Gomez's earlier criminal action in which he pleaded guilty and was sentenced, Gomez was not entitled to peremptorily challenge Judge Menninger by means of a section 170.6 motion. Thus, Judge Fish properly denied Gomez's peremptory challenge.

## DISPOSITION

The petition for writ of mandate is denied. The order to show cause is discharged. The stay imposed by this court is dissolved upon finality of this opinion.

O'LEARY, P. J.

WE CONCUR:

MOTOIKE, J.

DELANEY, J.

14